THE STATE OF KANSAS v. FRANK L. ADAMS.

No. 10809.

ROBBERY—*information may allege ownership in true owner, though other than person robbed.* Robbery in the first degree may be committed by taking property from the possession of a servant or agent of the owner as well as from the owner himself; and, in the information, the ownership of the property may be alleged as in the person robbed, or in the true owner.

Appeal from Hamilton District Court. Hon. W. E. Hutchinson, Judge. Opinion filed June 5, 1897. *Affirmed*.

*L. C. Boyle*, Attorney General, and *C. T. Reid*, County Attorney, for the State; *M. W. Sutton* and *George Getty*, of counsel.

*A. J. Hoskinson*, for appellant.

ALLEN, J. The defendant was convicted, in the District Court of Hamilton County, of robbery in the first degree, and sentenced to fifteen years confinement in the penitentiary. From this conviction he appeals. The amended information charges that the defendant made an assault on Jim Akin, and did then and there, in the presence and against the will of said

Akin, by violence to his person and by putting him in fear of immediate injury, rob, steal, take, and carry away certain personal property therein described, belonging to one Fred Harvey. Numerous errors are assigned, only one of which requires especial consideration. We find no error in the rulings of the court on preliminary motions. One substantial question, however, is presented.

The conviction was had under section 73 of the Act Regulating Crimes and Punishments, which reads as follows :

" Every person who shall be convicted of feloniously taking the property of another from his person or in his presence, and against his will, by violence to his person or by putting him in fear of some immediate injury to his person, shall be adjudged guilty of robbery in the first degree."

It is contended that under this section of the statute the property taken must be the property of the person robbed ; that if it be the property of another, it is larceny, but no robbery. It must be conceded that the language of the section is susceptible of the construction urged by counsel for appellant, and the Supreme Court of Missouri, in *State v. Lawler* (130 Mo. 366, 32 S. W. Rep. 979), has held that an indictment in substance like the one under consideration fails to charge an offense under a similar statute of Missouri. The argument of the case is, that the person robbed must either own the property taken, or have such title to it as would have enabled him to maintain an action to recover possession of it if wrongfully taken from him. On the other hand, the Court of Appeals of New York, in *Brooks v. The People* (49 N. Y. 436, s. c., 10 Am. Rep. 398 ), held, under a section of the statute of that State identical with the one above quoted, that, in an indictment for robbery, the property may be laid as

belonging to either the actual owner or the person robbed ; and it was said :

" The act intended that the person robbed should be regarded as the owner, as against the robber, of all the goods whereof he was robbed. He must have a possession or custody of the goods or they could not be taken ' from the person or in his presence by violence to his person, or by putting him in fear of some immediate injury to his person.' "

It cannot be that the Legislature ever intended to give less protection against violence to a wife or child in the possession of property belonging to the husband or father, or to a servant in the possession of the property of his master, than to the owner himself when in possession of his own property. The characteristic of robbery, distinguishing it from other forms of larceny, lies in the violence inflicted on the person of the one in possession of the property, or in putting him in fear of injury to his person. So far as the mere taking of the property is concerned, the offense is neither greater nor less than if filched in any other way. The gravity of the offense lies in the breach of the peace, in the personal violence inflicted, or the terror excited in the mind of the individual robbed. At common law, it was never held that the property taken must belong to the person robbed. It was sufficient that the property belonged to the person robbed or some third person. *Comwonwealth v. Clifford,* 8 Cush. ( Mass.) 215 ; *The People v. Shuler,* 28 Cal. 490 ; *State v. Ah Loi,* 5 Nev. 99. As against the robber, a servant has the same right, and rests under the same duty, to preserve and defend his possession of the property, that the owner has. He is the custodian, and has a right to oppose, with violence if necessary, the violence offered by the robber. As against him, he stands as the owner ; and we think the statute intended to extend to him the full measure of

protection that it gives to the owner or bailee. The principles governing civil actions for the recovery of property wrongfully taken have no application in a case of robbery. Proof that the property was in the lawful possession and keeping of Jim Akin and that it belonged to a person other than the defendant, was sufficient; and the statement, in the information, of the name of the real owner of the property, whose title was good as against Akin himself, did not prejudice the rights of the defendant or render the information defective.

The judgment is affirmed.