[Criminal No. 114.   Filed July 20, 1897.]

[50 Pac. 30.]

JOHN O. DUNBAR, Defendant and Appellant, v. TERRITORY OF ARIZONA, Plaintiff and Respondent.

1. CRIMINAL LAW—LIBEL—REV. STATS. ARIZ. 1887, PENAL CODE, PARS. 405, 1818, 1833, CITED AND CONSTRUED—JUDGMENT—IMPRISONMENT TILL PAYMENT OF FINE — VOID — ILLEGAL IMPRISONMENT — NEW TRIAL—DISMISSAL.—Paragraph 405, *supra*, provides: "Every person who willfully, and with a malicious intent to injure another, publishes or procures to be published any libel, is punishable by a fine not exceeding five thousand dollars or imprisonment in the territorial prison not exceeding one year." Paragraph 1833, *supra*, provides that if the judgment be a fine, the fine can be collected by an execution issued upon such judgment, as on a judgment in a civil case. Paragraph 1818, *supra*, provides: "A judgment that the defendant pay a fine, may also direct that he be imprisoned until the fine be satisfied, specifying the extent of the imprisonment, which must not exceed one day for every dollar of the fine." Under the statutes a judgment upon conviction for criminal libel that the defendant "be fined in the sum of one thousand dollars, and that he be delivered or remanded to the custody of the sheriff of the county of Pima, territory of Arizona, until said fine is paid," is void, and it appear-

ing that defendant under said judgment has been compelled to per-
form a part of said illegal judgment, he cannot be tried again, and
the case will be dismissed.

APPEAL from a judgment of the District Court of the
First Judicial District in and for the County of Pima. Joseph
D. Bethune, Judge. Reversed.

The facts are stated in the opinion.

W. M. Lovell, and Barnes & Martin, for Appellant.

Thomas D. Satterwhite, Attorney-General, for Respondent.

ROUSE, J.—Appellant was indicted in Pima County for
libel, tried, and convicted. It was alleged in the indictment
that John O. Dunbar, on the twelfth day of October, 1893, at
the county of Maricopa, territory of Arizona, was the editor
of a certain newspaper, known as the Weekly Gazette, a news-
paper of general circulation in said county of Pima, and also
throughout the United States of America; that on said twelfth
day of October, 1893, said Dunbar published, and caused to be
published, in said paper of and concerning Francis J. Heney,
William K. Meade, Charles M. Bruce, and Louis C. Hughes
the following: "Heney, Meade, Bruce, Hughes et al. paid
$200 for Washington dispatches to defeat Sam Webb, and
made all kinds of ridiculous charges against him. Yet the
senate, in executive session, consisting of fifty-five members,
voted unanimously for Mr. Webb's confirmation. This shows
the strength of the gang of hoodoos with decent people. Vale
patronage-peddlers, land-grant sharks, assassins, and looters."
Defendant demurred to the indictment, and for grounds of
demurrer urged that it did not appear from the indictment
that the paper in which said alleged libelous matter was
printed had been circulated in Pima County, or read by any
one in said county, and for that reason contended that the dis-
trict court of said county had no jurisdiction of the case;
that there were several offenses charged, or attempted to be
charged, in the indictment,—viz., a libel of Heney, a libel of
Meade, a libel of Bruce, and a libel of Hughes; that there
were not allegations sufficient to show that the Heney men-
tioned in the article was Francis J. Heney, that the Meade
was William K. Meade, that the Bruce was Charles M. Bruce,

and that the Hughes was Louis C. Hughes. The demurrer was overruled, and defendant duly excepted. The defendant then entered a plea of not guilty, the cause was tried, and a verdict of guilty was returned, on which the court rendered the following judgment: "It is therefore ordered, adjudged, and decreed that the said John O. Dunbar be fined in the sum of one thousand dollars, and that he be delivered or remanded to the custody of the sheriff of the county of Pima, territory of Arizona, until said fine is paid." The defendant was then remanded to the custody of the sheriff of the said Pima County.

Paragraph 405 of the Penal Code is as follows: "Every person who willfully and with a malicious intent to injure another, publishes or procures to be published any libel, is punishable by fine not exceeding five thousand dollars or imprisonment in the territorial prison not exceeding one year." The only punishment that can be imposed on one convicted of the crime of libel is either imprisonment in the territorial prison (penitentiary) or a fine. Both punishments cannot be imposed, and the imprisonment cannot be at any place other than the territorial prison. The judgment could have been that defendant be imprisoned, and, if that had been the judgment, the defendant would have been imprisoned in the territorial prison (par. 405, *supra*) ; or the judgment could have been that he pay a fine (id.). If the judgment had been that defendant pay a fine, the fine could be collected only by an execution issued upon such judgment, as on a judgment in a civil case. Pen. Code, par. 1833. No imprisonment could be imposed on such a judgment. To warrant imprisonment on a judgment imposing a fine in a case providing for only a fine or imprisonment, not both, it is necessary that in the judgment it be specified that the defendant be fined and imprisoned until the fine be satisfied, specifying the extent of the imprisonment, which must not exceed one day for each dollar of the fine. The statute regulating such cases is as follows: "A judgment that the defendant pay a fine, may also direct that he be imprisoned until the fine be satisfied, specifying the extent of imprisonment, which must not exceed one day for every dollar of the fine." Pen. Code, par. 1818. In this territory the juries do not fix the punishment. By their verdicts they only pass on the guilt or innocence of

the accused.   If the verdict be "Guilty," the court, in its judgment, fixes the punishment.   In this case the judgment could have been that defendant be imprisoned in the territorial prison (penitentiary), or that he pay a fine in any sum not exceeding five thousand dollars, or that he pay a certain fine not exceeding the sum of five thousand dollars, and that he be imprisoned until the fine be satisfied, not to exceed one day for each dollar of the fine.   The respective judgments could only be enforced as follows: If for imprisonment, by the defendant being confined in the territorial prison.   If such had been the judgment, defendant could not have escaped imprisonment by paying a fine.   If the judgment had been for a certain fine, then the judgment could only have been enforced by an execution, as in a civil case, for the amount of the fine. Under such a judgment the defendant could not satisfy it by submitting to imprisonment.   If the judgment had been that the defendant pay a certain fine, and that he be imprisoned until the fine be satisfied, not to exceed one day for each dollar of the fine, said judgment could not have been enforced in any other way than by imprisonment of the defendant, unless the defendant should elect to pay the fine.   In other words, no execution could be issued for the collection of said fine.   Under a judgment such as last mentioned the court may allow the defendant a credit of any amount for each day's imprisonment, not less than one dollar.   Under such a judgment a defendant may remain in imprisonment, and. thus satisfy the judgment, or elect to pay the amount of the fine at the time of the judgment or at any time thereafter, crediting the amount of the fine by the amount due him for the number of days he shall have been in prison, at the rate fixed in the judgment for each day.   The statute (Pen. Code, par. 1834) is as follows: "If the judgment is for imprisonment, or a fine, and imprisonment until it be paid, the defendant must forthwith be committed to the custody of the proper officer; and by him detained until the judgment is complied with."   By the record in this case it is shown that the defendant was placed in custody of the sheriff of Pima County, and under said judgment is now constructively in his custody.   We hold that the judgment in this case is void, and must be reversed, and, as the defendant has been compelled to perform a part of said illegal judgment, he cannot be again tried for said offense.

There are many questions in the record urged as error, but.we do not deem it necessary that we should express any opinion on them. It is ordered'that the judgment be reversed, and the case be dismissed.

Hawkins, J., concurs.

BAKER, C. J., dissenting.—While I agree that the judgment should be reversed, and a new trial ordered, this court cannot dismiss the whole case. I furthermore think it improper to print the libel in the record. It is not at all necessary to any part of the opinion.