[Criminal No. 606.  Filed February 17, 1925.]

[233 Pac. 586.]

STATE, Appellant, v. CLARENCE PHILLIPS,
Respondent.

1. CRIMINAL LAW—ORDER ALLOWING DEMURRER TO INFORMATION HELD FINAL AND TO BAR ANOTHER PROSECUTION FOR SAME OFFENSE.— Trial court's order allowing demurrer to information, unaccompanied by contemporaneous order resubmitting cause or directing filing of new information, *held* final and to bar another prosecution for same offense, in view of Penal Code of 1913, sections 984, 985.

2. JURY—IN FELONY CASES, ALL ISSUES OF FACT MUST BE TRIED BY JURY.—In felony cases, all issues of fact, whether arising on plea of former acquittal or upon one of not guilty, must be tried by jury, in view of Penal Code of 1913, section 1006.

3. JURY—SUSTAINING PLEA OF FORMER ACQUITTAL WITHOUT AID OF JURY HELD ERROR.—Where a demurrer to information charging larceny of twelve head of cattle was sustained, a plea of former

———

1.  See 8 R. C. L. 152.  2.  See 16 R. C. L. 193.

acquittal interposed against a second information, in which the animal charged to have been stolen was one of the twelve head of cattle alleged in the first information to have been stolen from the same owner on the same date, court was without jurisdiction to try, without jury, issue of plea of former acquittal, and its order sustaining plea was a nullity.

4. CRIMINAL LAW—ORDER SUSTAINING PLEA OF ACQUITTAL, VOID BE-CAUSE ISSUE WAS TRIED WITHOUT JURY, HELD TO NECESSITATE ORDER REVERSING JUDGMENT AND REINSTATING CASE.—Where order sustaining accused's plea of former acquittal was void because trial court decided the issue without a jury, the situation arising was as though the plea of former acquittal had been taken and nothing further done, which circumstance necessitated an order reversing the judgment and directing a reinstatement of the case.

See (1) 16 **C. J.**, p. 247. (2) 16 **C. J.**, p. 428 (1926 Anno.). (3) 16 **C. J.**, p. 428 (1926 Anno.). (4) 17 **C. J.**, p. 372 (1926 Anno.).

APPEAL from a judgment of the Superior Court of the County of Graham. W. R. Chambers, Judge. Reversed and remanded.

Mr. John W. Murphy, Attorney General, and Mr. E. L. Spriggs, County Attorney, for the State.

No appearance for Respondent.

McALISTER, C. J. — An information charging Clarence Phillips with the larceny of twelve head of cattle belonging to one Turner West was filed in the superior court of Graham county on November 2, 1923. The date of the theft was alleged to have been on or about November 1, 1922. A demurrer to this information was sustained on February 19, 1924; the minute entry of the proceedings relating thereto being in this language:

"The demurrer having been taken under advise-ment, and the court being now fully advised in the premises and having duly considered the matter, orders that said demurrer be, and is hereby sus-tained."

On March 3, 1924, the court made the following order:

"Now, upon motion of County Attorney E. L. Spriggs, Esq., it is ordered that this cause be, and it is hereby referred back to the justice of the peace."

In pursuance of this order, a new preliminary hearing was had which resulted in Phillips being held to the superior court a second time, and thereafter, to wit, on March 12, 1924, another information charging him with the larceny on or about November 1, 1922, of one certain animal of the bovine species, to wit, a bull, the personal property of A. T. West, was filed in the same court. On April 2d, thereafter, Phillips entered a plea of former acquittal to this information, waived a jury, and requested an immediate trial, which was given.

The proof showed conclusively, and it was admitted by the county attorney, that the animal alleged in the second information to have been stolen on November 1, 1922, from Turner West was one of the twelve head of cattle alleged in the first information to have been stolen from the same owner on that date, and under this proof the court sustained the plea of former acquittal. It is from this order that the state appeals.

The sustaining of this plea is the only error assigned. It will be observed that when the demurrer to the first information was sustained on February 19th, the court made no order directing that a new information be filed, but on March 3d thereafter referred the cause back to the justice of the peace. It is appellant's contention that though this order was made approximately two weeks after the demurrer was sustained, it was sufficient under the provisions of section 984, Penal Code of 1913, to confer

jurisdiction on the justice court to have a second preliminary hearing. This section reads:

"984. If the demurrer is allowed, the judgment is final upon the indictment or information demurred to, and is a bar to another prosecution for the same offense, unless the court, being of the opinion that the objection on which the demurrer is allowed may be avoided in a new indictment or information, directs the case to be submitted to the same or another grand jury, or directs a new information to be filed; provided, that after such order or resubmission, the defendant may be examined before a magistrate, and discharged or committed by him, as in other cases."

Because this paragraph does not say in specific language just when the court shall direct a new information to be filed, in case it sustains a demurrer and is of the opinion that the objection raised can be avoided in a new information, appellant contends that it does not limit the time for making such an order. This view, we think, is untenable. The section confers upon the court the right to direct the resubmission of the cause to the same or another grand jury or the filing of a new information if, when it sustains the demurrer, it is of the opinion that the defect can be cured by another indictment or information. This places it wholly within the, power of the court to determine whether further prosecution shall be had, and if an order to this effect is not made the only conclusion to be drawn therefrom is that the court feels that the objection cannot be overcome in another accusation. Under such conditions, the order allowing the demurrer becomes final and constitutes a bar to another prosecution for the same offense.

While the statute does not say *in haec verba* that an order resubmitting the cause or directing the filing of a new information shall be made at the time the demurrer is sustained, yet it is very clear

that such is its meaning. This appears, we think, from the language of section 984 itself, and also from that of the succeeding section which provides that under such conditions the defendant must be discharged if in custody, his bail exonerated if admitted to bail, or his money refunded if he has deposited money instead of bail. If it had been intended that such an order should not be effective forthwith, the legislature would undoubtedly have given the court time in which to determine whether it would resubmit the cause or direct the filing of a new information, and inasmuch as it failed to do this there can be no question but that it intended that the discharge of the defendant, the exoneration of his bond, or the refunding of his money should follow immediately, or practically so, the order allowing the demurrer unaccompanied by one resubmitting the case or directing the filing of a new information. There is no way by which the court can prevent such an order's becoming final forthwith and constituting a bar to another prosecution than by resubmitting the case or directing the filing of a new information, and unless this is done practically contemporaneously with the sustaining of the demurrer it is too late. The New York statute relating to the matter in question is practically the same as 984, *supra,* and in *People* v. *Zerillo,* 146 App. Div. 812, 131 N. Y. Supp. 500, the court used the following language concerning this phase of it:

"We further believe that the direction for resubmission should be made at the time of the determination of the issues raised by the demurrer, for by that method of procedure alone can the provisions of the section in question be harmonized among themselves. . . . The discretion which is to be exercised in directing a resubmission is the contemporaneous act of the judge who, having heard the arguments of the parties, has decided the validity

27 Ariz.—23

or invalidity of the indictment, and should best know whether the objection which he has deemed well taken could or should be remedied upon a new submission. . . .

"It is opposed to the plain intent of the sections as well. Where there is a failure to direct a resubmission, the prisoner must be immediately discharged if in custody, or if on bail the same is exonerated, or if he has deposited money in lieu of bail it must be refunded to him, and there can be no further prosecution for the same offense; that is, · the moment his demurrer is unqualifiedly sustained, a prisoner becomes a free man, and is no longer within the purview of the criminal law, as to the particular crime charged."

It might be questioned whether sustaining a demurrer without at the same time directing the filing of a new information constitutes a former acquittal within the meaning of the statutes of this state, permitting a plea of that kind. Under provisions very similar to these, however, the Supreme Court of Utah holds that it does. In *State* v. *Crook,* 16 Utah, 212, 51 Pac. 1091, the court uses this language:

"The defendant's plea of former acquittal of the same offense charged in the information, by the judgment of the court sustaining the demurrer, and ordering the defendant discharged, without making an order directing another information to be filed, or that the cause be submitted to the grand jury, was, under the facts shown a sufficient plea of former acquittal, and a bar to a prosecution under the third information filed."

Just why the court permitted the defendant to waive a jury and try the case itself does not appear. The offense with which he was charged, grand larceny, is a felony, and in crimes of this character all issues of fact must be tried by a jury. This is just as true when the issue arises upon a plea of former acquittal as upon one of not guilty, and it is only in criminal cases not amounting to a

felony that trial by jury may be waived. Section 1006, Penal Code of 1913, and *State* v. *Shearer, supra,* p. 311, 232 Pac. 893. This being true, the court was without jurisdiction to try, unaided by a jury, the issue raised by the plea of former acquittal, and necessarily its order sustaining this plea was a nullity. The situation is as though the plea of former acquittal had been taken and nothing further done, and this renders necessary an order reversing the judgment and directing a reinstatement of the case. The court's view, however, on the only issue presented in the case was correct. Hence, if the county attorney should proceed to trial, notwithstanding what is said above relative to the effect of allowing a demurrer without contemporaneously therewith, or practically so, directing the filing of a new information, it will be its duty, when the evidence discloses that the charge in the second information is the same as the one in the first, to direct the jury to return a verdict for the defendant upon the ground that it is barred under the provisions of section 984.

The judgment is reversed and the case remanded, with directions to reinstate it.

ROSS and LOCKWOOD, JJ., concur.