[Crim. No. 1620. First Appellate District, Division One.—February 17, 1931.]

In the Matter of the Application of REX DUEL et al. for a Writ of Habeas Corpus.

M. James McGranaghan for Petitioners.

No appearance for Respondent.

THE COURT.—An application for a writ of *habeas corpus*. Duel and Gibeau, in whose behalf the application is filed, were charged jointly by information with the crime of robbery, it being alleged that they did "wilfully, unlawfully, and feloniously steal, take and carry away from the person, possession and immediate presence of one Arthur Scovil, who was then and there acting as clerk, agent and servant for Carley Hamilton Company, a corporation, a

truck load of tobacco'' of the value of $16,845, and of the personal property of said company, without the consent and against the will of the said Arthur Scovil and by means of force and fear, etc. A demurrer to the information was sustained with leave to amend; and subsequently an amended information was filed, charging that the property was taken, stolen and carried away ''against the will and without the consent of the said Arthur Scovil *and of said Carley Hamilton Company*'', by means of force and fear, etc. (Italics ours.)

 It is contended that the inclusion of the italicized clause added a new element to the charge which finds no support in the testimony adduced at the preliminary examination, and that consequently the defendants stand charged with an offense for which they were not committed by a magistrate.

The point is without merit for the reason that the amendment was wholly unnecessary. As will be noted, Scovil was the person alleged to have been robbed, and it was averred that the robbery was accomplished by means of force and fear. Therefore, even as to him, it was unnecessary to allege that the property of which he was robbed was taken and stolen ''against his will and without his consent''. (*People* v. *Riley,* 75 Cal. 98 [16 Pac. 544] ; *People* v. *Johnson,* 57 Cal. App. 271 [207 Pac. 257].) And with respect to the ownership of the property it has been repeatedly held that when the property is taken out of the possession of a bailee or agent of the owner it may be described in the pleading as the property of either bailor or bailee, or owner or agent (22 Cal. Jur. 848, 849 ; *People* v. *Dean,* 66 Cal. App. 602 [226 Pac. 943]). ''The actual status of the legal title to the stolen property is of no concern to the thief'' and consequently one who has the right of possession as against the thief is, so far as the latter is concerned, the owner (*People* v. *Edwards,* 72 Cal. App. 102, 116 [236 Pac. 944, 950]).

The application for the writ is denied.