[Civil No. 3971. Filed June 13, 1938.]

[80 Pac. (2d) 394.]

P. L. SMITH, Justice of the Peace, Peoria Precinct, Maricopa County, State of Arizona, Appellant, v. E. J. WARREN, Appellee.

Mr. John W. Corbin, County Attorney, Maricopa County, and Mr. Lin H. Orme, Jr., Deputy County Attorney, for the Appellant.

Messrs. Cox & Moore, for Appellee.

ROSS, J.—This case has its uncommon features. The appellee, E. J. Warren, on or about June 19, 1937, was formally charged in Peoria Precinct, Maricopa County, with drunk driving upon the public highways in that precinct. On June 21st, he appeared by attorney and entered a plea of not guilty and at the same time orally asked for a change of venue, promising the justice of the peace "to mail out an affidavit of bias." On June 24th the justice of the peace, not having any word from appellee's attorney, disqualified himself and transferred the case to the justice court of Tolleson precinct. On July 6th the latter court set the case for trial on July 13th. On this date appellee appeared by attorney and objected to the court's jurisdiction. The objection being overruled, he announced ready for trial and thereafter a jury was impaneled, evidence introduced and the case having been considered by the jury it returned a verdict of guilty. On July 14th defendant was sentenced by the court to serve ninety days in the county jail.

On July 13th, or the day before appellee was sentenced, he prepared and verified a petition for writ of *habeas corpus* and filed it in the superior court of Maricopa county on July 14th. On the same day the court, Honorable G. A. RODGERS acting, ordered that the writ issue returnable before the Honorable E. W. McFARLAND, Judge of the Superior Court of Pinal County, sitting in the said superior court of Maricopa county, at 4 o'clock in the afternoon on July 14th. The ground alleged in the petition for writ of *habeas corpus* was

"That no legal transfer or change of venue of said action was had . . . and that said Justice of the Peace of Tolleson Precinct did not have jurisdiction to try said petitioner for said offense."

Upon a hearing, Judge McFARLAND granted the writ of *habeas corpus* and directed the sheriff to discharge appellee from custody.

Thereafter appellant Smith, the Justice of the Peace of Peoria Precinct, set the case down for trial as though no change of venue had been granted and no trial ever had in Tolleson precinct.

Appellee thereupon filed a petition for writ of *certiorari,* entitled in the same case and court as the *habeas corpus* proceeding, reciting all the foregoing facts, and asked that appellant Smith be enjoined from trying him. The ground upon which he based his right for *certiorari* is that he had theretofore been tried and convicted in Tolleson precinct for the identical offense.

In his answer to the petition appellant Smith alleges that the petition fails to state any facts showing he is acting in excess of or without jurisdiction, and further that appellee's petition showed that he had a plain, speedy and adequate remedy by way of appeal. The petition and answer coming on for hearing in the superior court of Maricopa county, the Honorable JOHN P. CLARK, Judge of the Superior Court of Navajo County sitting, enjoined the appellant Justice of the Peace of Peoria Precinct from trying appellee on the charge of drunk driving, on the ground that he had been put in jeopardy by reason of his trial and conviction in Tolleson precinct and had partly performed the judgment and sentence of that court by being imprisoned. The county attorney and the justice of the peace, being dissatisfied with the court's disposal of the case, have appealed.

From the statement of the facts, it is seen the appellee asked for a change of venue and it was granted. The territorial jurisdiction of a justice of the peace is of certain misdemeanors committed in his precinct and of certain misdemeanors committed in precincts adjoining his, when the justice of any such

precinct is absent therefrom or for any reason is unable to act. Section 5224, Rev. Code 1928. Under section 5229, Id., if a defendant makes an affidavit that he has reason to believe and does believe that he cannot have a fair and impartial trial before the justice about to try the case, by reason of the prejudice or bias of such justice, the cause may be transferred to the justice of an adjoining precinct.

In this case the affidavit of bias and prejudice was not filed and for that reason the appellee objected to the jurisdiction of the court in Tolleson precinct. However, he got what he asked for and the fact that the court's action in giving the change was irregular was something that he probably could not raise. At all events, he presented his contentions to the superior court and secured a ruling that the Tolleson court had no jurisdiction to try him. Whether the court was right or wrong in that judgment, we think it is conclusive as to his rights in this case. It may be under the facts that Tolleson court had jurisdiction but if so the appellee is in no position to so assert. We will, as he should have done, accept the superior court's decision on that question as right.

If the court committed error in releasing appellee, he induced it and he is, or should be, estopped from now asserting in the same court and cause by his petition for writ of *certiorari,* in flat contradiction of his petition for writ of *habeas corpus,* that the Tolleson court had jurisdiction of both him and the offense charged and that his trial and conviction were legal. A court of justice that would permit such a course of action is itself trifling with the law and inviting ridicule and contempt instead of respect for the court and the law. Reason and common sense, upon which the law is supposed to be founded, unite in rejecting a rule that would permit a defendant to escape punishment

for his crime by asserting at one and the same time a state of facts and law so contradictory. Appellee cannot, in the *habeas corpus* proceeding protest the court was without jurisdiction to try him and in the *certiorari* proceeding that such court had jurisdiction and make both protests "stick," as suits his convenience. Having taken the stand that the Tolleson court had no jurisdiction and having convinced the superior court that he was right in that contention, he must abide that decision. He made his bed and must sleep in it.

■■ But granting, for the sake of the argument only, that double jeopardy is available to the appellee, we do not think it can be presented on a writ of *certiorari.* It is admitted that the offense was committed in Peoria precinct and that the complaint against appellee was filed in that court. These facts under the statute, section 5224, *supra,* conferred jurisdiction on the justice of the peace of Peoria precinct. If appellee had theretofore been tried for the same offense in some court with jurisdiction over him, the statute provides the manner in which he should present that issue. Section 5015 provides:

"There are four kinds of pleas to an indictment or information; guilty; not guilty; a former judgment of conviction or acquittal of the offenses charged, which may be pleaded either with or without the plea of not guilty; and once in jeopardy."

Section 5227 provides that a defendant in the justice court may make the same plea as upon an indictment. A plea of former jeopardy or conviction or acquittal presents an issue for the jury in these criminal cases. Section 5027 provides:

"An issue of fact arises upon a plea of not guilty; or of former conviction or acquittal of the same offense; or of once in jeopardy. Issues of fact must be tried by jury, unless a trial by jury be waived in actions not amounting to felony. . . . "

In *State* v. *Phillips*, 27 Ariz. 349, 233 Pac. 586, a grand larceny charge, it was held that the court was without jurisdiction to try a plea of former acquittal without the aid of a jury.

 *Certiorari* ordinarily will not be allowed where there is a remedy by appeal, or any other plain, speedy and adequate remedy. Section 4391, Id. A defendant in every case has the right of appeal from any final judgment of a justice court to the superior court and a trial *de novo* in the appellate court. Section 5153 et seq., Id. The propriety of adhering in criminal cases to the statutory procedure by way of direct appeal, when a party is dissatisfied with the judgment of the court, is well illustrated by this case. If, instead of applying for a writ of *habeas corpus* to test the legality of the proceeding in the justice court of Tolleson precinct, the appellee had been relegated to his remedy by appeal from the judgment of that court, the conclusion as well as the conflicting decisions we have here could not well have occurred. Besides, *habeas corpus* can never be made to take the place of an appeal. Trial errors cannot be corrected in a *habeas corpus* proceeding.

██ The appellee makes some point to the effect that he had been imprisoned on the sentence and judgment of the Tolleson court and that, having served part of such judgment and sentence, he should now be discharged. As we view it, and as he must now view it, that court had no right to imprison him because it had no jurisdiction. An examination of the record quite conclusively shows that appellee was at large most, if not all, of the time on bail after his conviction in the Tolleson court, and that he did not go to prison at all.

Appellee relies upon the decision of this court in *Dunbar* v. *Territory*, 5 Ariz. 184, 50 Pac. 30, as sustaining his contention that a part performance of an

illegal sentence entitles a prisoner to his discharge. It is true the majority opinion in that case said (page 31):

" . . . as the defendant has been compelled to perform a part of said illegal judgment, he cannot be again tried for said offense."

No case or authority is cited to support this statement nor is any reason given for such rule. Chief Justice BAKER, a great lawyer and jurist, dissented and, while he did not give his reasons for so doing, obviously it was because none was necessary to show the fallacy of the rule. An illegal sentence, that is, a sentence imposed by a court without jurisdiction of the offense, is no sentence. It would not be jeopardy and to say that because the prisoner had partially performed it he could not thereafter be tried and punished by a properly constituted court with jurisdiction would lead to very harmful and absurd results. If, for example, after his trial, conviction and sentence for committing murder in County A it should develop that the venue was in County B, the murderer would escape all punishment, if, perchance, he had served a day of his life sentence in prison. In *Bryant* v. *United States;* (8 Cir.) 214 Fed. 51, the court said (page 53):

"The objection of double jeopardy for the same offense is made. It is well settled that it is not double jeopardy to resentence a prisoner who had his first sentence vacated by writ of error (*Murphy* v. *Massachusetts,* 177 U. S. 155, 20 Sup. Ct. 639, 44 L. Ed. 711), nor to retry him on a new indictment after a prior indictment, conviction, and sentence have been set aside in a proceeding in error (*Ball* v. *United States,* 163 U. S. 662, 16 Sup. Ct. 1192, 41 L. Ed. 300). The principle of such cases is that a sentence that has been vacated by the action of a prisoner cannot then be put up by him as an obstacle to the further administration of justice; and we think it immaterial that his attack was collateral, as by *habeas corpus,* instead of direct,

by appeal or writ of error. Here he was the actor, and the result left his conviction unimpaired."

The judgment of the court in the *certiorari* proceeding is vacated and set aside.

McALISTER, C. J., and LOCKWOOD, J., concur.