225 P.2d 713

STATE v. COURSEY.

No. 1003.

Supreme Court of Arizona.

Dec. 11, 1950.

V. L. Hash and Virginia Hash, of Phoenix, for appellant.

Fred O. Wilson, Atty. Gen., Maurice Barth, Asst. Atty. Gen., Charles Rogers, Asst. Atty. Gen., for appellee.

UDALL, Justice.

Oliver Wayne Coursey, defendant-appellant, was charged by an information containing two counts with the crimes of: (a) robbery, and (b) kidnaping with intent to rob. After arraignment and a plea of not guilty as to both counts the cause came on regularly for trial before a jury, resulting in a conviction on both charges. Following a denial of defendant's motion for a new trial the court pronounced judgment and sentenced him to serve not less than 20 nor more than 25 years on each count, the sentences to run concurrently. From said judgment and the order denying the motion for new trial this appeal was taken.

To present a clear picture of the points urged by defendant, as requiring a reversal of the judgment of conviction, we deem it advisable to state in some detail the facts developed at the trial, as well as the procedural steps taken in bringing defendant to justice.

The State's proof shows (The defendant offered no testimony whatever.) that one John G. Campbell, the assistant manager of the Ryan-Evans Drug store located at Third Avenue and Roosevelt Street in the city of Phoenix, at the close of business

on October 24, 1948, placed the day's receipts in the store safe, closed the store and locked it, got into his own car and started for home, driving west on Roosevelt Street. A red traffic light at Seventh Avenue caused him to bring his car to a stop, and while he was waiting for the light to change, a person (whom Campbell later positively identified as the defendant) opened the right front door of the car and got in beside him. Campbell was directed by defendant to turn right which, out of fear, he did, and then he was ordered to drive back to the drug store, a distance of approximately six blocks. Enroute the defendant had Campbell stop the car while he searched him for a possible weapon. At the same time defendant exhibited a sawed-off shot gun which he held in his hands. Campbell testified the defendant told him, "If I did what he wanted, I wouldn't be hurt."; and that he was asked if he had a lot of "dope" at the drug store. Upon arrival, the car was parked at the curb immediately west of the store, and Campbell was ordered to unlock and open the door to the drug store. After entering, Campbell was made to open the safe and hand over the money therein to defendant. He was then forced to stand with his face to the wall while defendant placed the currency and cash in his pockets. (The checks were left undisturbed.) Thereafter Campbell was required at gun point to accompany defendant back to the car. When the former had started the motor, he was ordered out and defendant drove off. Campbell immediately reported the matter to the police and, while his car was recovered early the next morning, it was not until November 16, 1948, that defendant was apprehended.

Procedurally, the following steps were taken in what we shall designate as case No. 20016. A criminal complaint charging defendant with robbery was filed before a magistrate by the witness Campbell. The docket of the justice of the peace recites that defendant was advised of his legal rights and waived preliminary hearing. Thereupon, on December 2, 1948, the court held defendant to answer for two felonies, viz.: robbery and kidnaping with intent to rob. An information containing these charges under separate counts was timely filed by the county attorney in the superior court. Some two months after arraignment defendant interposed a motion to quash upon the ground that he "was not informed of his rights" as required under Sec. 44-302, A.C.A. 1939. This section in so far as material reads:

" * * * the magistrate shall immediately inform him (a) of the charge against him, (b) of his right to the aid of counsel during the preliminary examination, and (c) of his right to waive such examination." Rules Cr.Proc. § 39.

The motion to quash was not filed at the time of or prior to arraignment as required by Sec. 44-1001, A.C.A.1939, Rules

Cr.Proc. § 205, hence it was waived under Sec. 44-1016, A.C.A.1939:

"If the defendant does not move to quash the * * * information *before or at the time he pleads thereto he shall be taken to have waived all objections* which are grounds for a motion to quash except those which are also grounds for a motion in arrest of judgment. * * *" (Emp. sup.) Rules Cr.Proc. § 218. All exceptions referred to in the statute are wholly inapplicable to the grounds with which we are here concerned.

Nevertheless the Hon. Renz L. Jennings, judge of division 6, conducted a hearing on the motion to quash, at the conclusion of which on March 1, 1949, the court improvidently entered this unique order, viz.: "It is ordered the defendant be re-arraigned in Justice Ct. on the Complaint."

We turn now to the steps taken in the instant case, No. 20260. Irrespective of the peculiar phraseology used in the above order, the county attorney correctly interpreted its legal effect to be as follows: (1) quashing the information in cause No. 20016, and (2) directing that the cause be remanded back to the magistrate for further proceedings. The prosecutor elected to file a new criminal complaint against the defendant, containing the same two counts, as was done in the case of State v. Phillips, 27 Ariz. 349, 233 P. 586 and Pray v. State, 56 Ariz. 171, 106 P.2d 500, rather than proceed on the original complaint, as in the case of Indian Fred v. State, 36 Ariz. 48, 282 P. 930. A new hearing was had before the magistrate, the defendant being represented by his present counsel, and at the conclusion thereof, on April 7, 1949, defendant was again held to answer for the same two offenses.

The next day the county attorney filed an information in the superior court, the charging part of which was identical with the previous information filed in cause No. 20016. Before arraignment thereon the defendant filed a motion to quash and a "plea in bar" which were predicated upon the claim that the same charges were then pending in cause No. 20016.

In the meantime and before the motion to quash and "plea in bar" in the instant case were ruled upon, the county attorney, in the absence of defendant or his counsel, needlessly went back into Div. 6 and procured from the presiding judge on April 16, 1949, the following order in cause No. 20016: "Order, on motion of County Attorney, Dismissing the complaint." Thereafter the motion and plea were denied; defendant was duly arraigned and a plea of not guilty was entered.

It was then suggested that the defendant was insane, and after an insanity hearing was held and this purported defense overruled, the cause was set for trial on October 31, 1949. In the meantime the defendant further complicated the record by filing another "plea in bar", which was promptly overruled. At long last the case was tried to a jury, resulting in defendant's

232

conviction on both counts. The judgment and sentence from which this appeal was taken followed. There are but three questions presented under defendant's assignments of error. The first contention is that the trial court erred, for the reason heretofore stated, in overruling the "plea in bar" and denying the motion to quash the information upon which defendant was convicted.

It will materially aid in determining this first assignment if we apply the applicable statutes and thereby cut away some of the underbrush. Under Sec. 44-1003, A.C.A. 1939, it is provided:

"Demurrers to the indictment or information and all pleas other than the pleas of guilty and not guilty are hereby abolished. All defenses heretofore available to the defendant by demurrer, or under any plea other than the plea of not guilty, or by a motion to dismiss or quash the indictment or information, and which are available under this Code, shall hereafter be taken by a motion to quash the indictment or information or a count thereof." Rules Cr. Proc. § 207.

It would appear therefore that there was no legal basis for the defendant in the instant case to file his "plea in bar" and later a "plea to the merits and in bar," for the rule is that he is limited to a motion to quash, the specific grounds for which are enumerated under Sec. 44-1005, -A.C.A. 1939, Rules Cr.Proc. § 208. Sec. 44-1006, A.C.A. 1939, provides in part that: "The

motion to quash * * * shall specify distinctly the ground of objection relied on and the court shall hear no objection other than that stated in the motion. * * *" Rules Cr.Proc. § 209.

Analyzing the steps taken in the first case, No. 20016, we point out at the outset that the motion to quash was not based on an alleged defect in the information itself, hence the provisions contained in Sec. 44-1013, A.C.A. 1939, Rules Cr. Proc. § 216, as to the court ordering a new information to be filed within a time specified, has no application. The only ground specified in the motion to quash, viz.: "the defendant was not informed of his rights and committed to the superior court as provided under Sec. 44-302, A.C.A. 1939" is not one of the grounds enumerated under Sec. 44-1005, supra, and hence could not legally form the basis for such a motion.

Furthermore the claimed defect, which is in the nature of a collateral attack, flies squarely in the face of the magistrate's order holding defendant to answer wherein it is recited that the defendant was informed of his legal rights and waived preliminary hearing. We reiterate the fact that this motion to quash not having been timely made was waived. Emphasizing the importance of making timely objection, Sec. 44-503, A.C.A. 1939, goes so far as to provide: "* * * The fact that a preliminary examination was neither had nor waived shall in no case invalidate any information in any court *unless the defend-*

*ant shall object to such information because of such fact before pleading to the merits."* (Emp. sup.) Rules Cr.Proc. § 114.

The purported order that "defendant be re-arraigned in Justice Court on the Complaint" at best, could have had only the legal effect of quashing the information and remanding the case back to the magistrate. We have been unable to find any authority under the present rules, and counsel have cited us none, that authorizes the superior court in any event to remand the case back to the magistrate. Furthermore, there is no such thing as an "arraignment" in a preliminary hearing, as no plea of "guilty" or "not guilty" is required. See Ch. 44, Art. 3, A.C.A. 1939, entitled "Preliminary Examination." According to Black's Law Dictionary, (3d Ed.) to "arraign" in criminal practice is defined as: "* * * The arraignment of a prisoner consists of calling upon him by name, and reading to him the indictment, * * * and demanding of him whether he be guilty or not guilty, and entering his plea. (citing cases.) This definition is in harmony with the provisions of Ch. 44, Art. 9, A.C.A. 1939, entitled "Arraignment."

■ We are unable to see how defendant was prejudiced in any manner by the county attorney's starting over with the filing of a new complaint before the magistrate. Nor was it necessary for the court in case No. 20016, upon motion of the county attorney, to enter the order dated April 16, 1949, purportedly dismissing the "complaint." The information, erroneously designated as "complaint," in that case, as we view it, had effectually been quashed by the order of March 1, 1949. As we said in the case of Pray v. State, supra [56 Ariz. 171, 106 P.2d 502]:

"* * * It has been held that when a motion to set aside an information is granted there is no case pending in the superior court until a new information is filed." (Citing case.)

■ Even though, as we have shown, the information in the first case was not pending when the information was filed in the instant case, nevertheless, assuming that it was, a complete answer to defendant's contention that the trial court erred in denying this motion to quash upon the ground that the same was barred is found in Sec. 44-1014, A.C.A. 1939, which reads: "An order sustaining the motion to quash is not a bar to another prosecution for the same offense unless the motion was based on the grounds specified in section 208 (44-1005), subsection 1, clause (f), (g) or (i)." Rules Cr.Proc. § 217. These subsections refer to: (f) former conviction or acquittal, or once in jeopardy; (g) a pardon, or (i) immunity by law from the offense charged. None of these three grounds having been included within the motion filed, it follows that the same was properly denied.

Chief Justice Ross in the case of Pray v. State, supra, speaking for a unanimous

court, had this to say in a somewhat similar situation, though it was the old statutes rather than the present rules being interpreted, viz.:

"We next examine the grounds urged in the motion to set aside the information upon which defendant was tried. The first is another action pending. If that were true as a matter of fact, it would be no ground to set aside the information. California prescribes the same grounds for setting aside an information as Arizona does. Section 995, California Penal Code. The courts of that state have held that an information or indictment may not be set aside upon any grounds other than those expressly specified. (Citing authority.)"

By reason of the adoption of a complete new Code of Criminal Procedure, effective April 1, 1940, we have found that many of the earlier decisions, such as State v. Phillips, supra, containing the dictum so strongly relied upon by defendant, are of but little value as precedents in procedural matters because of being based upon statutes no longer in force or effect.

Another assignment of error is to the effect that the court erred in denying defendant's motion for a directed verdict in that the state failed to prove the elements of robbery. Defendant's vacillating position taken in support thereof is somewhat novel. In his opening brief the argument is made that the money taken was not in the possession or presence of the complaining witness. In his reply to the state's opening brief defendant apparently abandons this argument and, without an assignment of error upon which to predicate it or any chance for the state to answer, urges that the crime of robbery was included in the crime of kidnaping with intent to rob, and being an included lesser offense, the motion for a directed verdict should have been granted. In support of this latter argument defendant cites the case of People v. Knowles, Cal.Sup., 217 P.2d 1, in which a divided court held, that under the facts there presented, the two crimes merged. The California case is distinguishable from the one before this court in that the act there committed by defendant was a single, indivisible act, a factual situation not existing in the present case. While we are not prepared to fully subscribe to the reasoning of the majority in that case, it is clearly apparent that both the majority and the minority of the California court would agree that under the facts here shown two separate and distinct crimes were committed by defendant, that court having affirmed many judgments of conviction where the acts that formed the basis of the kidnaping conviction were separate from those that involved the actual taking of property and the seizing and carrying away was for a purpose which could not be accomplished at the place where complainant was attacked.

Defendant, however, under the rules of this court is confined in his appeal to the assignments of error made in his opening brief. Rules VI and X, Rules of

the Supreme Court. The assignment upon which defendant must rely is the contention that the elements of robbery were not proved, but that instead the evidence showed a burglary had been committed. The argument relied upon is stated thus: "The money was not his, neither was the money which was contained in the safe of the Ryan-Evans Drug Store in the possession of or in the presence of the complaining witness, R. (sic) G. Campbell." Even a cursory examination of the facts in the instant case indicates that the money was not only in the presence of but also in the possession of J. G. Campbell, assistant manager of the store, as agent of the owner. The rule is succinctly stated in Ex parte Duel, 112 Cal.App. 24, 296 P. 91:

" * * * And with respect to the ownership of the property it has been repeatedly held that when the property is taken out of the possession of a bailee or agent of the owner it may be described in the pleading as the property of either bailor or bailee, or owner or agent. (Citing authority.) 'The actual status of the legal title to the stolen property is of no concern to the thief,' and consequently one who has the right of possession as against the thief is, so far as the latter is concerned, the owner. * * *" See also State v. Adams, 58 Kan. 365, 49 P. 81; Robards v. State, 37 Okl. Cr. 371, 259 P. 166.

Thus, the crime of robbery was amply sustained by the evidence even though actual ownership of the property was in one other than the complainant.

The last assignment of error is that Sec. 43-3203, A.C.A. 1939, the statute under which defendant was prosecuted, convicted and sentenced for the felony of kidnaping with intent to rob, is unconstitutional. Defendant asserts that a conflict exists between this kidnaping statute, which is a general act of the Legislature, and Sec. 44-3006, A.C.A. 1939, a referendum measure which vested power to recommend paroles exclusively in the Board of Pardons and Paroles. The principle of law relied upon is that a referendum measure cannot be amended by a general legislative act. Arizona Const. Art. 4, pt. 1, Sec. 1 (6). While this is a correct abstract statement of the law, it has, in our opinion, no application in the instant situation.

The pertinent parts of Sec. 43-3203, supra, the statute whose constitutionality is challenged, read as follows: " * * * every person who seizes, confines * . * * abducts, conceals, kidnaps or carries away any individual by any means whatsoever with intent * * * to commit extortion or robbery, * * * is guilty of a felony, and upon conviction thereof shall be punished * * * (b) if there is no bodily harm, by imprisonment from twenty (20) to fifty (50) years *without the possibility of parole until the minimum sentence imposed has been served.*" (Emp. sup.)

It is defendant's contention that the emphasized clause of the above legislatively-

236

enacted statute takes away from the board some of its powers and prerogatives granted under the referred measure in that it provides for punishment "without the possibility of parole until the minimum sentence has been served."

In the case of State ex rel. Murphy v. Superior Court, 30 Ariz. 332, 246 P. 1033, 1034, 47 A.L.R. 401, this court, speaking through Mr. Justice Ross, stated that the referred measure did not provide "* * * when or by whom the power to parole should be exercised." Thus, as was pointed out, no power was granted thereunder to the board to parole deserving prisoners.

It was specifically held: "* * * Section 1452 (47-113, A.C.A. 1939) has no reference whatever to the jurisdictional facts authorizing the application or empowering the board to act thereon. Section 1450 (47-110, A.C.A. 1939) defines these, and very definitely and plainly refuses permission to any prisoner serving an indeterminate sentence the right to apply for a release on parole until he has served the minimum of his sentence, and the board is prohibited from entertaining any other form of application or petition." State ex rel. Murphy v. Superior Court, supra, 30 Ariz. at pages 337–338, 246 P. at page 1035.

▇ It is apparent then that the board has never had the power to grant a parole to a prisoner until his minimum sentence has been served, hence any power which the board previously had or now has was not affected by the statute questioned. The statute under attack is a mere reiteration of the limitation previously placed upon the board by the legislature.

The power to grant paroles is still exclusively vested in the board, and any purported "conflict" between the two statutes or any "limitation" in Sec. 43-3203, supra, upon the board's powers is one existing solely in the mind of the defendant. There being no right to parole granted to the board in the referred measure, it follows that there is no conflict between the two statutes.

▇ This court on numerous occasions has held that if part of an act is unconstitutional and by eliminating the unconstitutional portion the balance of the act is workable, only that part which is objectionable will be eliminated and the balance left intact. Gherna v. State, 16 Ariz. 344, 146 P. 494; Millett v. Frohmiller, 66 Ariz. 339, 188 P.2d 457. Hence in the present case even if this court were to hold the last clause of Sec. 43-3203, supra, unconstitutional it would not aid defendant, for remaining would be a clear and workable measure that would not in any manner disturb defendant's conviction or relieve him of the sentence imposed thereunder.

The interposing of all of these technical objections, none of which had merit, resulted in a delay of the trial in the instant case approximately one year. It must have been a similar case which prompted the Oklahoma Supreme Court to declare judi-

cially that "A technicality is a microbe which gets into the procedure of the law and gives justice the blind staggers."

Judgment affirmed.

LA PRADE, C. J., and STANFORD, PHELPS and DE CONCINO, JJ., concur.