472 P.2d 492

**The STATE of Arizona, Petitioner,**

v.

**The Honorable Norman S. FENTON, Judge of the Superior Court in and for the County of Pima, State of Arizona, Respondent,**

and

**Steven Torrence TODOROVICH, Real Party in Interest.**

**No. 2 CA–CIV 880.**

Court of Appeals of Arizona, Division 2.

July 31, 1970.

Rehearing Denied Sept. 2, 1970.
Review Denied Oct. 27, 1970.

**524**

Rose Silver, Pima County Atty., by William F. McDonald, Deputy County Atty., Tucson, for petitioner.

Howard Kashman, Pima County Public Defender, by Frederick F. Kay, Deputy Public Defender, Tucson, for real party in interest.

HOWARD, Chief Judge.

This is a special action questioning the authority of the trial court to "remand" a criminal case to the justice court for another preliminary hearing.

The defendant, real party in interest, was arrested for Unlawful Possession of Marijuana. At the preliminary hearing in Justice Court the defendant was without counsel. Defendant was bound over to the Superior Court on the same charge. On February 10, 1970 the defendant was arraigned in Superior Court. At this time the Public Defender was appointed to represent the defendant. A plea of "not guilty" was entered by the defendant and he was given fifteen days in which to file any motions directed toward the information. Almost four months later the defendant filed a "Motion to Quash Or In The Alternative Motion To Remand" on the grounds that at the preliminary hearing the Justice of the Peace restricted the defendant in his cross-examination of a prosecution witness; on the grounds that the Justice of the Peace failed to inform the defendant of his rights under Rule 24, Rules of Criminal Procedure, 17 A.R.S. i. e., his right to make a statement to the court, not under oath, that defendant was denied counsel at the preliminary hearing contrary to Coleman v. Alabama, 398 U.S. 1, 90 S.Ct. 1999, 26 L.Ed.2d 387. The trial court granted the defendant's motion "to the extent of remanding this matter to the Justice Court for a new preliminary hearing for the defendant Todorovich."

The State contends that the Superior Court exceeded its jurisdiction since the defendant waived all objections or defenses by entering a plea and failing to make any motions within the time allowed by the court. We agree.

We first note that the legal effect of the court's "remand" was the quashing of the information. State v. Coursey, 71 Ariz. 227, 225 P.2d 713 (1950).

Rule 177, Rules of Criminal Procedure provides that "[I]f the defendant does not move to quash the indictment or information before or at the time he pleads thereto, he shall be taken to have waived all objections or defenses which are grounds for a motion to quash * * *"

When the defendant failed to timely present his motions he waived the defects of which he complains. State v. Coursey, supra; State v. Cravin, 96 Ariz. 346, 395 P.2d 706 (1964); State v. White, 102 Ariz. 18, 423 P.2d 716 (1967); State v. Bustamante, 103 Ariz. 551, 447 P.2d 243 (1968).

Order vacated.

KRUCKER and HATHAWAY, JJ., concur.