491 P.2d 474

**STATE of Arizona ex rel. Moise BERGER, Maricopa County Attorney, Petitioner,**

v.

**SUPERIOR COURT of the State of Arizona, IN AND FOR the COUNTY OF MARICOPA, et al.; and John J. KARIE, Real Party in Interest, Respondents.**

No. 1 CA–CIV 1831.

Court of Appeals of Arizona, Division 1, Department B.

Dec. 14, 1971.

William H. McLean, Deputy County Atty., Phoenix, for petitioner.

Flynn, Kimerer, Thinnes & Galbraith by Tom Galbraith, Phoenix, for respondents.

JACOBSON, Presiding Judge.

This is a special action brought by petitioner, the State of Arizona, seeking to have set aside an order of the superior court "remanding" a criminal case to the justice court for a second preliminary hearing, following the trial court's denial of a motion to quash the information.

Respondent, John J. Karie, the real party in interest, was charged by a two count complaint in the justice court with the crimes of bribery and presentment of a false claim, both felonies. After a preliminary hearing, at which defendant was represented by counsel, he was held to answer on both counts, and an information was filed in superior court, charging him with both offenses. Respondent moved to quash this information, apparently on the ground that it failed to charge an offense, and the motion was granted with leave to the state to file a new information. Thereafter another information was filed deleting the offense of presentment of a false claim but realleging the bribery charge with additional factual allegations. The respondent moved to quash this information also, and this motion was denied by the trial court. In the order denying this motion, however, the court, on its own motion, entered a further order "remanding this matter to the justice court, Al Flood, for the purpose of preliminary hearing." This last order is the order involved in this special action. Petitioner claims that in making this remand order the trial court exceeded its authority and acted in an arbitrary and capricious manner.

■ There is no appeal from the type of order involved here (§ 13–1712 A.R.S.) and a special action is appropriate to review the same. State v. Fenton, 12 Ariz. App. 523, 472 P.2d 492 (1970). Therefore the court accepts jurisdiction and will consider the case on its merits.

■ The procedure on motions to quash is prescribed by Rules 166–177, 17 A.R.S. Under Rule 175, if a motion to quash is granted, the court may take certain alternative specified action depending upon the particular grounds on which the motion has been granted. Among the alternative

actions the court may take when sustaining a motion to quash is the ordering of the filing of a new complaint which envisions the holding of a new preliminary hearing. Nowhere in these rules however, is there any authority for the trial court to "remand" the case to the justice court simply for the purpose of conducting an additional preliminary hearing where he has overruled the motion to quash. In our opinion, the court has no such authority. State v. Freeman, 78 Ariz. 281, 279 P.2d 440 (1955); State v. Coursey, 71 Ariz. 227, 225 P.2d 713 (1950); *cf.* Campbell v. Thurman, 96 Ariz. 212, 393 P.2d 906 (1964). When such a motion is denied, the obvious intent of the *Rules* is that the case proceed to trial after the denial of the motion. Furthermore, where the motion is denied, there is no need for an order to file a new information or complaint, and the mere fact that the information has been amended by supplementation does not authorize the court to make any order for remand. It should also be noted that an order such as that involved here would amount to quashing the information (State v. Coursey, *supra*; State v. Fenton, *supra*) and hence would be directly contrary to the court's simultaneous order denying the motion to quash. It thus appears that the trial court exceeded its authority and acted in excess of its jurisdiction in ordering that the case be remanded to the justice court.

The issuance of our mandate in this matter shall constitute an order to the Superior Court to vacate that portion of its order of October 8, 1971 which remanded this case to the justice court for further preliminary hearings.

HAIRE, J., and CASE, J., Department A, concur.

*Note*: Judge WILLIAM E. EUBANK, having requested that he be relieved from consideration of this matter, Judge WILLIBY E. CASE, Jr. was called to sit in his stead and participate in the determination of this decision.