[No. 20633. Department One. — June 23, 1890.]

## THE PEOPLE, RESPONDENT, v. JOHN THOMPSON, APPELLANT.

CRIMINAL LAW — DEFECTIVE COMMITMENT — SETTING ASIDE INFORMATION. — When the magistrate who examined the defendant has made a defective commitment by failing to make the indorsement required by statute upon the deposition or complaint returned to the superior court, an information filed thereon is without authority of law, and should be set aside.

ID. — ILLEGAL FILING OF PAPERS — JURISDICTION OF MAGISTRATE TO RECOMMIT AFTER DEFECTIVE COMMITMENT. — When, by reason of a defective commitment, the superior court cannot try the defendant, the papers sent up by the magistrate are not legally filed in the superior court, have no place therein, but are still within the jurisdiction of the magistrate, and may be returned to him by order of the superior court, and the magistrate may thereupon make a proper commitment, being guided by his docket to show what was actually done at the preliminary examination.

ID. — SETTING ASIDE SECOND INFORMATION. — A second information filed
after such recommitment cannot be set aside if the recommitment
shows the requisite jurisdictional facts.

ID. — NEGLECT OF MAGISTRATE TO ADMIT TO BAIL. — The neglect of the
magistrate in recommitting the prisoner to add to the commitment an
admission of him to bail is not such omission of duty as to vitiate the
commitment, if it shows that all other duties of the magistrate were per-
formed, and the omission is not ground for setting aside an information
based upon the commitment.

ID. — DEPOSITION — EFFECT OF VOID COMMITMENT — NO CASE PENDING —
JURISDICTION OF SUPERIOR COURT. — A deposition taken under section
882 of the Penal Code, pending an information upon a void commitment,
which is set aside, is not taken in any pending case, there being no juris-
diction in the superior court to try the defendant, and such deposition
cannot be read in evidence upon the trial of a second information filed
after a proper recommitment of the defendant.

ID. — EVIDENCE — CONFESSION OF DEFENDANT — ADVICE OF SHERIFF. —
When the defendant seeks to find out from the sheriff whether a confes-
sion would be better for him, and makes a confession, induced by the
advice of the sheriff that it would be better for him to make a full dis-
closure, such confession is not voluntary or admissible in evidence.

ID. — PUBLIC POLICY — REJECTION OF CONFESSION. — Public policy abso-
lutely requires the rejection of confessions obtained by means of induce-
ments held out by persons in authority.

ID. — ADMONISHING JURY UPON SEPARATION. — Section 1222 of the Penal
Code, requiring the court to admonish the jury on their separations oc-
curring at adjournments and recess during the course of the trial, ought
always to be strictly complied with.

APPEAL from a judgment of the Superior Court of
Tehama County, and from an order denying a new trial.

The facts are stated in the opinion.

*L. V. Hitchcock,* and *R. E. Ragland,* for Appellant.

*Attorney-General Johnson,* for Respondent.

FOOTE, C. — The defendant was convicted of grand
larceny upon an information charging him with robbery.
He appeals from the judgment therein rendered, and
from an order denying a new trial.

His first point is, that the court erred in refusing to
set aside an information filed on the 23d of October,
1889.

An information for the same offense had been filed on the 7th of September, 1889, and was set aside, on motion, on the 31st of October, 1889, after the second information had been filed.

The reasons assigned why the court should have set aside the last information are, that the magistrate who examined the defendant made a defective commitment, and that therefore the information had no proper basis on which to rest, and the district attorney no authority to file it.

It is true that the indorsement upon the deposition or complaint, as first made, on the 13th of August, 1889, and returned to the superior court, was not in accordance with the statute, and that the information based on it was properly set aside.

There being no proper commitment nor information before the superior court, that tribunal could not try the defendant, and the papers thus sent up by the magistrate had no place in such court.

We see no reason why they could not be sent back to the magistrate, as they were by order of the superior court of the 29th of October, 1889, and indorsed under section 872 of the Penal Code, if the docket of such magistrate showed, as it did, that he had conducted the examination of the defendant, and had determined upon the evidence adduced that it was sufficient, and that the defendant ought to be tried in the superior court which had jurisdiction of the offense with which he was charged. The matter stood just as if the magistrate, after an examination which had satisfied him of the defendant's probable guilt, had decided and entered such determination on his docket that the defendant should be tried, and had sent up the deposition, complaint, and other papers without any indorsement whatever. In such an event the matter would be in the same condition as if he had retained the papers in his own office, and had there, after a time, discovering his own laches in not indorsing and

sending them up to the proper court, indorsed a proper order of commitment on the complaint, no evidence having been reduced to writing, and then sent it up to the trial court.

If the papers from the magistrate's court were not legally filed, and had no place in the superior court, they were still in the magistrate's court, and he could make a proper commitment, being guided by his docket, to show what he had actually done at the preliminary examination.

If the commitment as last made by the magistrate is good under sections 872 and 875 of the Penal Code, then there is no merit in the point raised by the defendant.

So far as section 872 is concerned, the commitment of the 29th of October, 1889, is sufficient to satisfy its terms, and it is shown by such commitment that the magistrate examined into the merits of the charge against the defendant, was satisfied that he was guilty, and committed him for trial in the proper court.

There is no doubt, therefore, that as to the preliminary examination and determination of the magistrate that the defendant should be held for trial before the superior court, and committed to the hands of the sheriff for that purpose, that the commitment plainly shows these necessary facts.

But the defendant argues that, conceding such to be the facts, yet the magistrate neglected to add to the commitment, as the offense was bailable, the words, " and that he be admitted to bail in the sum of —— dollars, and is committed to the sheriff of the county until he gives such bail."

It does not appear to us that the magistrate's neglect to state that the defendant is admitted to bail in a certain sum, in default of giving which he is committed to the hands of the sheriff, goes to defeat the jurisdiction of the trial court to entertain an information filed by the district attorney, based upon a commitment which

shows that the magistrate has properly conducted a defendant's preliminary examination, adjudged that he should be tried for his alleged offense in the proper court, and committed to the proper officer for that purpose.

It is true that the magistrate, in order properly to perform his whole duty in the premises, ought, under section 875, to have advised the defendant, the superior court, the sheriff, and all others concerned, of the fact that the defendant's bail bond had been fixed, and that on giving it he might be discharged from custody; but the neglect to do this does not vitiate the commitment to the extent that we can say it does not show that as an examining magistrate he has heard the evidence for and against the defendant charged with a certain offense, adjudged that there is probable cause to believe him guilty as charged, ordered that he be tried before the proper court, and committed him to the hands of the sheriff that he may be thus tried.

If the commitment, as it does, shows the performance by the magistrate of all his duties, up to the end of the preliminary examination into the defendant's case, the judgment of the officer, that the evidence warrants that he, defendant, should be put on trial for the offense charged, before the proper tribunal, and that he is ordered into the custody of the sheriff for that purpose, the omission to indorse that he is admitted to bail in a certain sum, otherwise to remain in custody, is not such an omission of duty as vitiates the other *jurisdictional* performances of duty.

We therefore conclude that the court did not err in refusing to set aside the information of the 23d of October, 1889, based on the commitment of that date, on which the defendant was tried.

But the further point is made, that the defendant's rights were prejudiced by the admission of the conditional deposition of one Floyd, the prosecuting witness, taken on the 10th of October, 1889, over the defendant's

objection.    This deposition was taken in the presence of
the judge of the superior court before the filing of the
second information.    In other words, it was taken at a
time when there was nothing before the superior court
which gave it jurisdiction to try the defendant.

For, as we have seen, the first information of the 7th
of September, 1889, was set aside, for the reason that it
appeared the defendant had never been legally com-
mitted for trial.

Was there, then, any case pending against the defend-
ant in the superior court at the time the deposition of
Floyd, of October 10, 1889, was taken?

When the defendant was tried, it was by virtue of a
commitment made after the first information was filed,
but before the second one was filed.    The deposition
was therefore not taken at a time when the case in
which the defendant was tried was pending.

If the first information had been demurred to, the
demurrer sustained, and the information dismissed,
there would be no case pending against the defend-
ant until another proper information was filed against
him.    So in this case, the first information being set
aside, there was no case pending against the defendant
until the second information, based upon a proper order
of commitment, was filed.

If there was no case against the defendant pending in
the superior court at the time the deposition was taken,
could a deposition taken under section 882 of the Penal
Code be read against him on the trial upon the second
information?

It appears that when a magistrate or a *judge of the
court in which an action is pending* is satisfied, by proof
on oath, that there is reason to believe that a material
witness (whether an undertaking for his appearance has
been taken by the committing magistrate or not, under
section 878 of the Penal Code) will not appear and tes-
tify at the trial court to which the depositions and state-

ments taken in the committing court are sent, that the committing magistrate or the judge of the court in which the action is pending may order such witness to enter into a written undertaking, with sureties, in any sum that such officer requiring the bond may deem proper, for his appearance, as specified in section 878, *supra*.

By section 882 of the Penal Code, it is provided that where such action has been taken by either of the officials mentioned in section 879, *supra*, that in the event " it satisfactorily appears, by examination, on oath of the witness, or any other person, that the witness is unable to procure sureties, he may be forthwith conditionally examined, on behalf of the people," etc.

In the present instance, it appears that no undertaking had been taken from Floyd, a material witness, according to the provisions of section 878 of the Penal Code. He was subject, then, to the provisions of section 879, *supra*. Under them the judge of the superior court, where it was supposed the action against the defendant was pending, proceeded to require an undertaking of the material witness, with sureties.

The witness having satisfied the judge of that tribunal that he was "unable to procure sureties," that official proceeded to have the deposition taken before himself.

It is clear, as we have seen, that when the deposition was taken, the action in which the defendant was tried was not pending before the court over which that judge presided; the committing magistrate had not acted in the matter of ordering a bond, with sureties, to be given by the witness, under section 879, *supra*.

The witness was under no obligation to enter into the undertaking and give sureties, because neither the committing magistrate nor a judge of the court where the action in which he was a material witness *was pending* had required him to give such a bond.

The conditions, then, under which the deposition could be taken, were not met, and the deposition of

Floyd, not taken while the case in which it was read was pending, was not admissible against the defendant on his trial.

The defendant further assigns for error that the court erred in admitting his alleged confessions made to the sheriff, Vestal.

It is clear, from all the evidence as to the inducement which occasioned this confession, that it was brought about by the defendant believing what the sheriff told him would come to pass; that is, that it would be better for him to confess.

The effort is made to have it appear that such was not the case; that the defendant did it of his own accord, and not influenced by what the sheriff said.

The defendant was about eighteen years of age, and had evidently heard of some persons accused of crime who had gotten off by confessing, and, imbued with this notion, he sought an interview with the officer, and after ascertaining that his impression, to a certain extent, was true, inquired of the sheriff whether it would be better for him to make a statement of the facts, and the sheriff replied: "I told him that I didn't think the truth would hurt anybody. It would be better for him to come out and tell all he knew about it if he felt that way."

Again, the sheriff was asked this question, concerning the defendant and his proposed confession: "Well, now, his purpose, evidently, in sending for you, from what was said and what he said to you, was to find out whether it would be better for him to tell what he knew, or keep it to himself? A. I think that was it, probably.

"Q. But you left with him the impression that if the statement was made, that it would be better for him than to keep it to himself,— left him with that impression on his mind? A. Well, I think I did.

"Q. And you, in that conversation, in a general way,

rather encouraged the idea that it would be better to tell the truth than to keep it, did n't you?   A. Yes, sir."

It is evident that the defendant sought to find out if a confession would be better for him, and that the sheriff induced him to think it would be better, and that, thus induced, he made it.

Such a confession comes clearly within the rule laid down in *People* v. *Barric*, 49 Cal. 345, and was not voluntary, but induced by the advice of the sheriff to the effect, "it will be better for you to make a full disclosure"; concerning which the rule is, without exception, " that such a promise made by one in authority will exclude a confession.   Public policy absolutely requires the rejection of confessions obtained by means of inducements held out by such persons.   It may be true, even in such cases, owing to the variety and character of the circumstances, that the promise may not in fact induce the confession.   But as it is thought to succeed in a large majority of instances, it is wisely adopted as a rule applicable to them all.   We cannot too strongly urge on the district attorneys never to offer evidence of confessions, except it has first been made to appear that they were made voluntarily."

It further appears that the court did not admonish the jury, under section 1122 of the Penal Code, on their separations occurring at adjournments and recess during the course of the trial.   In the present case, no injury appears to have resulted, and there may have been no prejudicial error; yet the section should have been, and always ought to be, strictly complied with.

For the reasons stated, we advise that the judgment and order be reversed.

Belcher, C. C., and Gibson, C., concurred.

The Court.—For the reasons given in the foregoing opinion, the judgment and order are reversed.