[Criminal No. 985. Filed October 22, 1940.]

[106 Pac. (2d) 500.]

PEARL PRAY, Appellant, v. THE STATE OF ARIZONA, Respondent.

172

Mr. Robert R. Weaver, for Appellant.

Mr. Joe Conway, Attorney General, Mr. Richard F. Harless, County Attorney, and Mr. Darrell R. Parker, Deputy County Attorney, for Respondent.

ROSS, C. J.—Pearl Pray was convicted in the Superior Court of Maricopa County of the crime of perjury and she questions the validity of such conviction in two ways, to wit: She has appealed from the judgment of conviction, and she also asks this court to issue a writ of *habeas corpus* discharging her from imprisonment on the ground that her confinement and detention are unlawful. The same ground for contention, that her conviction was against and without law, is made in her petition for writ of *habeas corpus* and in her assignments on appeal and, since the appeal brings the whole record here, we will dispose of the case in that proceeding.

The particular point raised, and common to both proceedings, is that the provisions of the statute regulating the procedure when a demurrer to an information has been allowed were not followed, and it is contended that a conviction on an information filed without observing the terms of the statute is void.

The facts appear to be as follows: The defendant was arrested on a charge of perjury on April 22, 1939, taken before the justice of the peace of East Phoenix Precinct and, after a hearing, bound over. She was informed against on May 8, 1939, in the superior court, the case being given docket No. 15266. On June 1st the court sustained a demurrer to the information and ordered that a new information be filed within fifteen

days. On June 22d a new information was filed and on July 1st a demurrer to it was sustained and a new information ordered to be filed.

The county attorney thereafter, on July 13th, filed a complaint for the same offense with the justice of the peace of West Phoenix Precinct, upon which she was given a hearing and bound over, and on July 14th the county attorney filed a new information against defendant and the case was docketed as No. 15360. This information was demurred to and on September 11th the demurrer was sustained and the following order entered in the court's minutes:

"This court is of the opinion that the information herein does not allege a crime and that the defect can be corrected by filing a new information, therefore, the county attorney is ordered and directed to file a new information within fifteen days."

This direction of the court was followed and the defendant was tried on the information filed September 22d in pursuance of the court's order. Thereafter defendant filed her motion to set aside this information, giving as reasons therefor (1) that the same matter was pending in case No. 15266; (2) that before the filing of the information defendant was not legally committed by a magistrate. She also filed a demurrer to the information and pleaded in abatement the pendency of another action, to wit, No. 15266, and that the information was not filed within fifteen days after demurrer was sustained. The motion to set aside, the demurrer and the plea in abatement were overruled and defendant contends that the court's rulings were erroneous.

The statute gives two grounds for setting aside an information and provides if these are not made in proper order defendant is precluded from afterwards making such objections. Sec. 5005, Rev. Code 1928. The two grounds specified are (a) that before the filing of the information the defendant had not been legally

committed and (b) that the information is not subscribed by the county attorney of the county.

■ The record in No. 15360, the case now on appeal, does not show that defendant made any objection to the filing of the various new informations in case No. 15266, nor does the petition for the writ of *habeas corpus* give us any enlightenment on that point. So far as it appears, the defendant raised no objections to the procedure followed in filing new informations until the information in the present case (15360) was filed. Whether, then, such procedure was in conformity with the statute or not can make no difference. If no objections were filed by defendant, she must be held to have waived any procedural departure from the statute. Sec. 5005, *supra.*

■■ We next examine the grounds urged in the motion to set aside the information upon which defendant was tried. The first is another action pending. If that were true as a matter of fact, it would be no ground to set aside the information. California prescribes the same grounds for setting aside an information as Arizona does. Sec. 995, Cal. Pen. Code. The courts of that state have held that an information or indictment may not be set aside upon any grounds other than those expressly specified. *People* v. *Schmidt,* 64 Cal. 260, 30 Pac. 814; 14 Cal. Jur. 75, sec. 58. It has been held that when a motion to set aside an information is granted there is no case pending in the superior court until a new information is filed. *People* v. *Thompson,* 84 Cal. 598, 24 Pac. 384.

■ We next examine the second ground, to wit, that defendant was not legally committed before being informed against. Section 5011, Id., reads:

"*When allowed, court may resubmit.* If the demurrer is allowed, the judgment is final upon the indictment or information demurred to, and is a bar to another prosecution for the same offense, unless the

court, being of the opinion that the objection on which the demurrer is allowed may be avoided in a new indictment or information, directs the case to be submitted to the same or another grand jury, or directs a new information or complaint to be filed. After such order or resubmission, the defendant may be examined before a magistrate, and discharged or committed by him, as in other cases.''

Apparently the procedure here provided was followed. The court, after sustaining the demurrer, ordered that a new information be filed, giving as a reason therefor his opinion that the objections on which the demurrer was sustained may be avoided in a new information. After such order, defendant was examined before a magistrate and committed for further proceedings in the superior court, and within the fifteen days prescribed by section 5007, Id., the county attorney filed such new information. The motion to set aside the information was therefore properly denied, and for the same reason the plea in abatement was properly overruled.

■ We next examine the ruling of the court on the demurrer to the information. The grounds of the demurrer are: (1) That the information does not set forth the substance of the controversy or matter concerning which the offense is alleged to have been committed; (2) that it does not show by proper allegations that the statements testified to by defendant were material to the issue in controversy, and (3) that in content and form it does not comply with section 4987, Id., prescribing what is a sufficient indictment or information for perjury. The information's allegations show, in substance, that on April 20, 1939, one Harold Keys was on trial in the Superior Court of Maricopa County, Arizona, for the crime of robbery, committed on or about 10:00 A. M., February 20, 1939, and that one of the material issues was whether he was present and participated in such robbery at the time and place

set forth; that defendant Pray was a witness in such case; that the deputy clerk of the superior court had authority to administer oaths and that said deputy clerk took defendant's oath, in which she undertook to testify truly in said proceeding; that she thereupon, in answer to questions put to her, testified that at the time the said robbery was committed, and for over an hour before and a half hour after, she and the said Keys were together in a place other than that described as the place where the robbery was effected; that, in truth and in fact, defendant did not meet said Keys at said time or times and was not with him, and that her testimony, to her knowledge, in that regard was false and corrupt; that her testimony was given upon a material issue in the trial. A vital and material issue in the robbery case was whether Keys was present at and participating in the robbery. Defendant's testimony that Keys was somewhere else with her was competent and relevant on the alibi defense and if it had been accepted by the jury as true would have freed Keys.

We think the information does describe the controversy or matter concerning which defendant testified and that it shows the materiality of her testimony; that it is sufficient in form and content, and that the demurrer was properly overruled.

But defendant claims there was no issue for the jury in *State* v. *Harold Keys* and she bases her claim upon the absence in that record of any evidence of Keys' plea of not guilty. She insists there was no issue, unless the state had established by proper evidence that Keys had pleaded not guilty. Whatever the rule may have been in this state or is in other jurisdictions, it is now, and has been since the decision in *State* v. *Wootten,* 32 Ariz. 203, 256 Pac. 1055, not necessary that a defendant who goes to trial without objection should have entered his plea of not guilty. A

failure to take his plea was harmless error, at most. Keys' resistance to the charge of robbery by going to trial was a denial of his guilt and put that question in issue.

■ Francis Donofrio, deputy clerk, testified that he administered the oath to the defendant. The defendant now complains that it was error for the court to permit such witness to give such testimony over her objection, insisting that the court's records of the proceedings in that case were the only proper evidence. We have carefully examined the transcript of the testimony and find in it nowhere an objection to such testimony on that ground.

■ Such witness did testify that the oath was administered to defendant on the 19th day of April, whereas the information alleged that it was administered on the 20th day. The defendant objected to such testimony on the ground that it varied from the allegations in the information. The witness explained that all of the witnesses were sworn and put under the rule on the 19th and that defendant testified in the case on the 20th. This testimony merely explained the discrepancy between the allegation in the information and the fact, and how it happened. The information, under the court's permission, was amended to recite the oath was administered on the 19th. The allowance of the amendment is assigned as error. It is argued that time is a material ingredient of the offense of perjury. If that is true, then the amendment should not have been permitted. There are some acts that are crimes if committed on certain days of the week or after or before certain hours of the day. In such cases, time is, or may be, a material ingredient of the offense. Perjury is not in that class. The day or hour of the day that perjury is committed is immaterial, providing it was at a time before the filing of the information.

Sec. 4980, Id.; *Escobar* v. *State,* 30 Ariz. 159, 245 Pac. 356.

 The court refused to give four instructions requested by defendant. Each of such instructions was preceded by this language:

"The court erred in refusing to give the jury appellant's requested instruction No. ——, which reads as follows:" and that is how this court is told such refusal was error. No reason is given as to why the refusal was wrong. These assignments do not comply with the rules of this court and are not good. Subd. 5, Rule XII, Rules of the Supreme Court; *Price & Price Investment Co.* v. *McGrath,* 26 Ariz. 110, 222 Pac. 714; *Beebe* v. *State,* 49 Ariz. 190, 65 Pac. (2d) 658. However, we have examined and requested instructions and find that the substance of them was given by the court to the jury or that if they were not covered the statement of the law under the facts is not correct.

There are some other assignments but they raise no question that calls for a decision by the court.

The judgment is affirmed.

LOCKWOOD and McALISTER, JJ., concur.