266 P.2d 1077

**STATE v. DUNIVAN.**

No. 1043.

Supreme Court of Arizona.

Feb. 23, 1954.

Ross F. Jones, Atty. Gen., Robert C. Stubbs and Irwin Cantor, Asst. Attys. Gen., William P. Mahoney, Jr., County Atty. of Maricopa County, Phoenix, for appellant.

W. T. Choisser, Phoenix, for appellee.

PHELPS, Chief Justice.

This is an appeal by the State of Arizona from an order of the superior court of Maricopa County entered on July 16, 1953, quashing an information on file in the above-entitled cause charging defendant with the crime of offering and giving a bribe to one Lyle Pierce, a jockey, in connection with a horse race in a racing meet in the county of Maricopa, conducted under the provisions of the statutes of the state of Arizona.

Defendant was originally charged with the above offense on February 27, 1953, when a complaint against him was filed in West Phoenix precinct justice court. Defendant was held to answer to the superior court and on April 1 thereafter an information, criminal docket No. 24136, was filed in that court charging defendant with bribery under the provisions of section 73–1609 to 73–1620, A.C.A.1939, Cum.Supp. 1952. Upon motion of defendant this information was quashed by the Honorable Henry S. Stevens on the 4th day of May following, upon the ground that no evidence was adduced before the committing magistrate that the race in question was to be conducted pursuant to a license or permit granted under the laws of the state and particularly under the provisions of the sections of the statute above mentioned. The court at that time ordered the county attorney to file a new information in the superior court within 15 days from the date of the order.

On said date a new criminal complaint was filed in West Phoenix justice court charging the same offense and after a hearing had on May 18, defendant was held to answer to the superior court on said bribery charge.

On May 19 an information was filed in the superior court, criminal docket No. 24299, again charging defendant with bribery and again defendant moved to quash the information. This time the motion was based upon the ground that the

court was without jurisdiction to entertain it for the reason that there was then pending in the superior court cause No. 24136 in which defendant had theretofore been legally committed to the superior court upon the same identical charge and that the information on that cause, having been quashed and the county attorney having been ordered to file a new information therein within 15 days pursuant to section 44–1013, A.C.A.1939, cause No. 24136 was still pending and that the court was without jurisdiction to entertain the second criminal charge.

The motion to quash was denied on June 13 by the Honorable Nicholas Udall. Date of arraignment of defendant after a couple of continuances was finally fixed for the 22nd day of June at which time defendant objected to further proceedings in the matter upon the ground stated in the motion to quash. The cause was thereupon set for trial for July 16. On the date of trial defendant renewed his motion to quash before the Honorable Ralph Barry who granted said motion, vacated the trial order and ordered the county attorney to file a third information in said cause within 15 days therefrom. From this order the state appeals.

The state has presented three assignments of error, all of which are based upon the action of the trial court in quashing the information:

1. It is the position of the state that the information was filed in the correct manner and pursuant to the order of the court issued on May 4, 1953;

2. That the motion had previously been denied by the court, the Honorable Nicholas Udall presiding, and that no good cause for renewing of the motion was shown by the defendant;

3. Upon the ground that the information quashed was a valid and sufficient information.

■ A careful study of the statutes and of the decisions of this court convinces us that the court erred in quashing the information in this case. We find no authority in the statutes authorizing the quashing of an information either upon the ground that there was no evidence before the committing magistrate justifying defendant's commitment to the superior court on a charge of bribery or upon the ground that the previous cause of action, No. 24136, in which the information had theretofore been quashed was still pending in the superior court and that the court was without jurisdiction to entertain the second information filed in the instant case.

Section 44–1005, A.C.A.1939, provides the only grounds upon which an information may be quashed and it contains neither of the above grounds relied upon by defendant.

Furthermore this court, in the case of Pray v. State, 56 Ariz. 171, 106 P.2d 500, 502, stated that:

" * * * It has been held that when a motion to set aside an information is granted there is no case pending in the superior court until a new information is filed. * * * "

To the same effect is State v. Coursey, 71 Ariz. 227, 225 P.2d 713.

The order of the trial court upon quashing the information was to the effect that the county attorney should file a new information in that court within 15 days after the date of the order quashing said information. In other words the court took steps to keep the cause of action alive against the defendant and ordered that he be prosecuted. The court was not concerned with whether the county attorney proceeded upon the old complaint before the magistrate or filed a new complaint. It was necessary under the order of the court that evidence be adduced before the magistrate which in its opinion would justify the commitment of defendant to the superior court on a bribery charge so that a new information could be filed therein within 15 days. While it may not have been necessary to file a new complaint before the magistrate the fact that it was filed resulted in no prejudice to defendant. In either event the new information ordered to be filed in the superior court had to be docketed under a new criminal docket number.

We are further of the view that the information in this case fully meets the requirement of section 44–706, A.C.A.1939, in stating the acts constituting the offense in ordinary and concise language and in such a manner as to enable a person with common understanding to know what is intended. The claim of defendant that the inclusion in the information of an allegation that the race meet was conducted under the provisions of sections 73–1609 and 73–1620, A.C.A.1939, Cum.Supp.1952, instead of sections 73–1609 through 73–1620 renders the information fatally defective, is without merit. Section 73–1620, supra, starts out with the following language:

"At any racing meeting conducted under the provisions of this act (§§ 73–1609—73–1620) any person who shall: * * * "

expressly brings the entire article 16 within its provisions. Section 73–1620 constitutes the very bone, sinew and heart of the act giving it whatever regulatory vitality it has.

The order quashing the information is set aside with directions to re-instate the same in order that the prosecution of defendant may proceed.

STANFORD, LA PRADE, UDALL and WINDES, JJ., concur.