279 P.2d 440

STATE of Arizona, Appellant,

v.

Robert Louis FREEMAN, Appellee.

No. 1061.

Supreme Court of Arizona.

Jan. 26, 1955.

282

Ross F. Jones, Atty. Gen., Earl E. Weeks, Asst. Atty. Gen., for appellant.

Choisser & Choisser, Phoenix, for appellee.

PHELPS, Justice.

This is an appeal by the State of Arizona from an order of the Maricopa County Superior Court quashing the information and ordering and directing the county attorney to take appropriate action before a justice of the peace within 15 days of the date thereof to reinstate proceedings against defendant. The trial court found, and we believe correctly so, that the prosecution was brought under the provisions of section 43–5501, A.C.A.1939. The information alleges that:

"The said Robert Louis Freeman on or about the 16th day of December, 1953, and before the filing of this information at and in the county of Maricopa, State of Arizona, did then and there wilfully, unlawfully, and by false

and fraudulent representations, induce Thomas Garrity to pay $567.00 in lawful money of the United States of America in the form of a check, by stating that the said defendant had No. 2 grade lumber and that said lumber would meet all the requirements and specifications of the FHA when, in fact, said representations were false and fraudulent in that said lumber was not a No. 2 grade and did not meet any specifications of the FHA, whereby the said Thomas Garrity relying upon said representations paid to the defendant the sum of $567.00 when in fact said lumber was worth only $100.00; all of which is contrary to the form, force and effect of the Statute in such cases made and provided, and against the peace and dignity of the State of Arizona."

Section 43–5501, supra, insofar as here material provides that:

"Any person who:

\*   \*   \*   \*   \*   \*

"4. Knowingly and designingly, by any false or fraudulent representation or pretense, defrauds any other person of money, labor, or property, whether real or personal \* \* \* is guilty of theft."

Defendant's motion to quash the information was based upon five separate grounds, to wit,

1. That the information does not charge the defendant with the commission of an offense;

2. That the information herein attempts to charge the defendant with the commission of an offense by more than one statement of the same offense in one count instead of separate counts, in violation of section 44–725a, A.C.A. 1952 Cum.Supp.;

3. That the information attempts to charge the defendant with representations as to future facts or promises which do not constitute false pretenses;

4. The information does not charge that the injured party believed the pretenses to be true which does not charge the offense of theft by false pretenses;

5. That the information does not charge that the proposed acts were done knowingly and designingly and thereby leaves out the ingredient of knowledge and design and therefore does not charge the offense of theft by false pretenses.

Ground No. 2 of the motion does not form the basis for quashing an information under the provisions of section 44–1005, A.C.A.1939, and will therefore not be considered. We believe, however, that the other four grounds may be considered under the grounds stated in No. 1 of the motion to the effect that the information does not

charge the defendant with the commission of an offense.

The court in granting the motion to quash the information held that it was necessary to incorporate therein that defendant "knowingly and designingly" made the false and fraudulent representations to the complainant for the purpose of defrauding him. The court in said order further directed the county attorney to take appropriate action before a justice of the peace within 15 days from date thereof to reinstate the proceedings.

We are of the view that the court was correct in ruling that the information did not state a public offense. Had the county attorney after incorporating in the information that defendant made false and fraudulent representations, set out therein the allegation that they were made with intent to deceive and defraud the complainant and that relying thereupon he paid to defendant the sum therein alleged, the information would then have stated the public offense defined in subsection 4 of section 43–5501, supra.

Such an allegation would have obviated the necessity of alleging that it was done "knowingly and designingly". Judge McAlister in Clark v. State, 53 Ariz. 416, 89 P.2d 1077, expressly so held in construing this identical statute. However, it is always proper to use the language in the statute denouncing the offense as we have repeatedly held.

Rule 208, Criminal Procedure, section 44–1005, A.C.A.1939, provides in part that:

"If a motion to quash is based on an alleged defect in the indictment or information which can be cured by amendment the court shall order the amendment to be made and shall overrule the motion."

The information in the instant case could have been cured by inserting the words "knowingly and designingly" and it was therefore error to grant the motion to quash. There is no merit to defendant's claim that the information or any part of it is based upon representations as to future facts or promises. The representation that the lumber would meet FHA requirements is a representation of a present existing fact. Both the quality of the lumber and the requirements of FHA were then known to defendant. The representation was to the effect that it did meet such requirements.

We agree with counsel for the state that since the adoption of rule 216, Criminal Procedure, section 44–1013, A.C.A.1939, the court has no authority to direct the county attorney to initiate a new action before a justice of the peace within 15 days from the date of the order or at all. The present rule provides that the court may order another information filed in the superior court within such time as it may specify therein, and if such information is

not filed within that time or such further time as the court may for good cause allow, the defendant if in custody, must be discharged if not in custody on another offense and in such event the bond must be exonerated. If another information is filed it must be based upon the original commitment to the superior court.

The county attorney may, if he thinks proper, of his own accord, file a new complaint in the justice court but he is not, and may not be, required to do so by the court.

We inadvertently stated in State v. Dunivan, 77 Ariz. 42, 266 P.2d 1077, 1078, in discussing this matter that:

"* * * In either event the new information ordered to be filed in the superior court had to be docketed under a new criminal docket number."

We expressly overrule that pronouncement and hold that a new information directed to be filed in the superior court, if based upon the original commitment will take the same docket number as the original commitment. It is only when the new information is based upon a new commitment from the magistrate that the information is required to be docketed under a new criminal docket number. This is consistent with the rule laid down in Pray v. State, 56 Ariz.

171, 106 P.2d 500, and State v. Coursey, 71 Ariz. 227, 225 P.2d 713, to the effect that when an information had been quashed under the provisions of section 44–1013, A.C.A.1939, there is no action pending in the superior court against the defendant until a new information is filed.

The order of the superior court quashing the information upon the ground that it does not charge a public offense is set aside for the reason that under such circumstances section 44–1005, supra, requires that where the information may be cured by amendment the court shall order the amendment made and deny the motion to quash.

The further order directing the county attorney to take appropriate action before a justice of the peace within the time therein named is set aside for the reasons above stated and the court is directed, if the facts warrant, to order the information therein to be amended in accordance with the provisions of section 44–1005, supra, and further proceedings had in compliance with the views hereinabove expressed.

Reversed and remanded with directions.

LA PRADE, C. J., and UDALL, WINDES, and STRUCKMEYER, Jr., JJ., concur.