279 P.2d 443

**STATE of Arizona, Appellant,**

v.

**Calvin C. FREEMAN, Appellee.**

No. 1064.

Supreme Court of Arizona.

Jan. 26, 1955.

Ross F. Jones, Atty. Gen., Earl E. Weeks, Asst. Atty. Gen., for appellant.

Choisser & Choisser, Phoenix, for appellee.

PHELPS, Justice.

This is an appeal by the state of Arizona from an order of the Maricopa County Superior Court quashing the information filed in the above-entitled cause and directing that the county attorney reinstate

said cause of action before a proper justice of the peace within 15 days from date of said order. The material part of the information reads as follows:

"The said Calvin C. Freeman on or about the 17th day of December, 1953, and before the filing of this information at and in the county of Maricopa, State of Arizona, did then and there wilfully, unlawfully and feloniously obtain from Mike Ribar the sum of $827.28 in lawful money of the United States of America and the property of the said Mike Ribar, by then and there stating to the said Mike Ribar that he had No. 2 grade lumber and better, and that said lumber would meet the requirements of the Federal Housing Administration, when in truth and in fact said lumber was not No. 2 grade and would not meet the requirements of the Federal Housing Administration, and that said poor quality lumber had been covered and bundled over with better grade lumber so that the true quality of said lumber could not be ascertained upon visual inspection; that said lumber was short 1,576 board feet of the amount originally represented, and said lumber is worth approximately $150.00, said representations and pretenses were made by the said defendant for the purpose of cheating and defrauding the said Mike Ribar; all of which is contrary to the form, force and effect of the Statute in such cases made and provided and against the peace and dignity of the State of Arizona."

The court was of the view that the allegations in the above information brought it within the provisions of section 43-2614, A.C.A.1939, and so held in its order to quash.

Section 43-2614, supra, provides that:

"Confidence game—Bogus check.—Every person who, with intent to cheat and defraud, shall obtain or attempt to obtain from any other person, any money, property, or valuable thing whatever, by means or by use of any trick or deception, or false or fraudulent representation, or statement or pretense, or by any other means or instruments, or device, commonly called the 'confidence game,' or by means or by use of any false or bogus check, or by any other printed, written or engraved instrument, or spurious coin or metal, shall be guilty of a felony, and shall be punished by imprisonment in the state prison for a term of not less than one (1) nor more than five (5) years."

We are of the view that the transactions detailed in the above information are not materially different from those in the case of State v. Freeman, 78 Ariz. 281, 279 P.2d 440, and under the rule laid down in Clark v. State, 53 Ariz. 416, 89 P.2d 1077, could not be prosecuted under the provisions of section 43-2614, supra, but must be prose-

cuted under the provisions of section 43–5501(4), A.C.A.1939, which insofar as material here reads as follows:

"Theft defined.—Any person who:

"4. Knowingly and designingly, by any false or fraudulent representation or pretense, defrauds any other person of money, labor, or property, whether real or personal * * * is guilty of theft. * * *"

 The motion to quash the information is based upon five separate grounds, which are identical with those set forth in State v. Freeman, supra. Nos. 3, 4 and 5 thereof we believe may be properly considered under No. 1 which is to the effect that the information does not charge defendant with the commission of an offense. Unless they can be so treated they do not form the basis of a motion to quash an information under the provisions of section 44–1005, A.C.A.1939, which is our rule of criminal procedure No. 208. This rule specifically sets forth the grounds upon which an information may be quashed. Ground No. 2 of said motion to quash likewise is not to be found within the provisions of section 44–1005, supra, but inasmuch as the order to quash the information was based specifically upon that ground, i. e., that the information attempted to charge more than one offense in one count, we will discuss it in detail.

 First, let us observe that we find in the records of this case and in State v. Freeman, 78 Ariz. 281, 279 P.2d 440, a companion case, amended information showing a filing date of May 5, 1954. The motion to quash was filed on May 3, 1954, and argued on that date. The order quashing the information was entered on June 2, 1954. We find no minute entry authorizing an amendment. In the absence of such authorization the amendment could not have been lawfully made and we can conceive of no reason why it was made a part of the record on appeal. In any event we will base this opinion upon the original information.

 The court tested the sufficiency of the information by the standard set up in section 43–2614, supra. It is our view as stated above that it should have been tested by the provisions of section 43–5501(4), supra. By that standard the original information alleged the commission of a public offense in that it alleged that the defendant misrepresented the quality of the lumber to the injured person with intent to deceive and defraud him. This meets the requirements of section 43–5501(4), supra. See Clark v. State, supra, which holds that an allegation that the misrepresentations were made with intent to deceive and defraud is equivalent to alleging that it was done "knowingly and designingly". The information in the instant case alleges they were made for the purpose of cheating and defrauding the injured person which in our opinion also satisfies the requirement of section 43–5501(4), supra.

■ The ground upon which the court based its order to quash however is erroneous whether the information stated a cause of action or not. The court held that the allegations relating to falsity as to the quality of the lumber constituted one offense and the allegation that the defendant covered the poor quality lumber with a better grade lumber so that the true quality thereof could not be ascertained by visual inspection constituted another offense and should have been charged in a separate count.

We cannot agree with this view. The incorporation of the verbal act of concealing the true quality of the lumber by covering up the poor quality with good lumber was as much a part of the false and fraudulent representations of defendant as were his verbal representations relating thereto. It was an integral and inseparable part of the design to deceive and defraud complainant in this case. It was properly incorporated in said information in the same count in order to fully set forth all representations made constituting the alleged fraud.

■ State v. Freeman, supra, we reaffirm the statement therein made that the trial court in granting a motion to quash an information under our rule of criminal procedure, section 44–1013, supra, may direct the county attorney to file a new information in the superior court within such time as it may prescribe. It is without authority however to direct the matter to again be presented before a justice of the peace.

■ The other grounds of the motion to quash have been indirectly discussed under the claim that the information does not constitute a public offense. Certainly there is no allegation in the information based upon future facts, and the allegation that there was a shortage in the amount of lumber delivered is at most surplusage and should be treated as such. It does not vitiate the information. We also reaffirm the statement made in State v. Freeman, supra, that under the provisions of Rule 208, Criminal Procedure, section 44–1005, supra, if the defect in the information can be cured by amendment, the court shall order the amendment to be made and dismiss the motion to quash.

The order of the court quashing the information and ordering the county attorney to reinstate (institute) a new cause of action before a justice of the peace is set aside and the cause remanded for further proceedings in accordance with the views herein expressed and the provisions of law in such cases made and provided.

LA PRADE, C. J., and UDALL, WINDES, and STRUCKMEYER, Jr., JJ., concurring.