445 P.2d 841

Donald BOWMAN, Petitioner,

v.

The STATE of Arizona; the Superior Court of Arizona; the Honorable William C. Frey, a Judge thereof, Respondents.

No. 9323.

Supreme Court of Arizona.

In Banc.

Oct. 9, 1968.

Paul C. Colarich, Jr., Tucson, for petitioner.

William J. Schafer III, Pima County Atty., by Jacqueline Schneider, Deputy County Atty., for respondents.

UDALL, Vice Chief Justice:

Petitioner filed a petition for a writ of habeas corpus on June 5, 1968. On June 11, we granted the writ without prejudice to the county attorney to refile. A written opinion was to follow.

The record discloses that on January 22, 1968 a criminal complaint was filed charging petitioner with the unlawful possession of marijuana for sale in violation of A.R.S. § 36–1002.06. On March 5 a preliminary hearing was held on the complaint. At the hearing the magistrate found the evidence did not support the charge in the complaint and ordered that the complaint be amended, charging unlawful offer to sell marijuana in violation of A.R.S. § 36–1002.07. The complaint was so amended and without further preliminary hearing petitioner was bound over on that charge.

On March 15, 1968 an information was filed charging petitioner with unlawful offer of sale of marijuana. Petitioner moved to quash the information on the grounds that he was not afforded a preliminary examination on the charge in the information. The motion was denied and petitioner was arraigned where he plead not guilty. Petitioner then filed with this court a petition for a writ of prohibition, No. 9268. We granted the writ, ordering the trial court to proceed no further until a preliminary examination was conducted on the charge of offer of sale. On April 30, 1968 a hearing was conducted and the court found probable cause to hold petitioner over on the charge of unlawful offer of sale.

No new information was filed nor was one filed within thirty days after the preliminary examination. At the arraignment on June 4, 1968 petitioner filed a motion to dismiss on grounds that no information had been filed. The motion was denied and trial date set. Petitioner then brought this petition for a Writ of Habeas Corpus.

Rule 236 of our Rules of Criminal Procedure, A.R.S. Volume 17, provides:

"When a person has been held to answer for an offense, if an information is not filed against him for the offense within thirty days thereafter, or when a person has been indicted or informed against for an offense, if he is not brought to trial for the offense within sixty days after the indictment has been found or the information filed, the prosecution shall be dismissed upon the application of such person, or of the county attorney, or on the motion of the court itself, unless good cause to the contrary is shown by affidavit, or unless the action has not proceeded to trial because of the defendant's consent or by his action. * * *"

■ Petitioner first contends that the state failed to comply with Rule 236 by not filing a new information charging unlawful offer of sale after the second preliminary examination. We agree. The fact that the new information would be substantially the same as the first does not excuse its filing. We have held that when a motion to quash an information is granted there is no case pending in the Superior Court until a new information is filed. Pray v. State, 56 Ariz. 171, 106 P.2d 500 (1940); State v. Coursey, 71 Ariz. 227, 225 P.2d 713 (1950); State v. Dunivan, 77 Ariz. 42, 266 P.2d 1077 (1954). The writ of prohibition had the effect of quashing the information. The prosecution could not proceed further until petitioner was given a preliminary hearing and a new information was filed.

■ Petitioner next contends that if the first information was valid then more than sixty days had passed since its filing with-

**484**

out petitioner being brought to trial and the prosecution should be dismissed pursuant to Rule 236. The argument is without merit since the delay was caused by the petitioner himself. In Power v. State, 43 Ariz. 329, 30 P.2d 1059 (1934), we held:

"Where the reason for failure to try a defendant within the time prescribed by statute is caused by the action of the defendant himself, the statute does not apply. People v. Maniatis, 297 Ill. 72, 130 N.E. 323. And, when the delay is caused by the defendant's own motion * * * he is responsible therefor. State v. Cox, 65 Mo. 29; State v. Farrar, 206 Mo.App. 339, 227 S.W. 1078."

The foregoing affirms our original action of June 11, 1968 granting the writ.

McFARLAND, C. J., and STRUCKMEYER, BERNSTEIN and LOCKWOOD, JJ., concur.