924 P.2d 1033

Paul Ray BARRS, Petitioner,

v.

The Honorable Michael O. WILKINSON, Judge of the Superior Court of the State of Arizona, In and For the COUNTY OF MARICOPA, Respondent,

STATE of Arizona, Real Party in Interest.

No. CV–95–0554–SA.

Supreme Court of Arizona, En Banc.

Oct. 17, 1996.

Michael Terribile, P.C., Phoenix, for Petitioner.

Richard M. Romley, Maricopa County Attorney by Glenn B. McCormick, Diane E.W. Gunnels, Deputy County Attorneys, Phoenix, for Real Party in Interest.

## OPINION

ZLAKET, Vice Chief Justice.

Defendant was arraigned April 3, 1995, on charges of first degree murder, armed robbery, and kidnapping. Pursuant to Rule 15.1(g)(1), Ariz.R.Crim.P., the state was required to provide notice of its intent to seek the death penalty within 30 days of arraignment. It did not do so until July 24, 1995, nearly three months late. The trial court, believing the delay to have been inadvertent, denied defendant's motion to strike. This special action followed.

Defendant asserts that the notice requirement is jurisdictional and that a violation of the rule compels automatic preclusion of the death penalty. The argument lacks merit. We recently held that Rule 15.1(g)(1) does not divest the trial court of jurisdiction to impose a death sentence when the defendant is notified beyond the specified time period. *See State v. Jackson,* 186 Ariz. 20, 24, 918 P.2d 1038, 1042 (1996). Moreover, because 15.1(g)(4) cloaks judges with broad discretion by providing a wide choice of sanctions for notice violations, we review only for abuses of that discretion. *Id.; State v. Lee,* 185 Ariz. 549, 555–56, 917 P.2d 692, 698–99 (1996).

In his motion to strike, defendant requested a hearing at which to demonstrate prejudice from the late notice. His attor-

ney, under agreement with the Office of Court Appointed Counsel, allegedly would be forced to withdraw because he had already reached his contractual quota of capital cases. Defendant argued that had timely notice been given, a different lawyer could have been assigned and important early decisions normally associated with such cases would have been made. He also complained that any newly-assigned attorney would be compelled to retrace the steps taken by current counsel, resulting in additional delay and an extended pre-trial detention.

The court denied defendant's motion to strike and request for an evidentiary hearing. In his minute entry, the judge concluded that defendant had not been prejudiced because the case was far from trial and the Office of Court Appointed Counsel could "make adjustments in [the attorney's] contract." Additionally, he stated that "[t]he remedy, if one is necessary, for such a late disclosure of the State's intent is to allow Defendant's counsel additional time for the sentencing phase of the case." Although such a ruling may be appropriate under evidence yet to be received, we believe the trial court abused its discretion in refusing defendant's request for a hearing. We also take issue with any suggestion that a continuance is the only proper remedy for untimely notification in these cases.

Rule 15.1(g) was adopted primarily because due process requires adequate notice to capital defendants that they might be sentenced to death. See *Lankford v. Idaho*, 500 U.S. 110, 111 S.Ct. 1723, 114 L.Ed.2d 173 (1991). A violation of the rule may bring about any sanction which the judge finds "just under the circumstances." Rules 15.1(g)(4) and 15.7, Ariz.R.Crim.P.; see also *Jackson*, 186 Ariz. at 24, 918 P.2d at 1042. "In exercising this discretion, the trial court should consider the reasons why disclosure was not made, the extent of prejudice, if any, to the opposing party, the feasibility of rectifying that prejudice by continuances, and any other relevant circumstances." *State v. Scott*, 24 Ariz.App. 203, 205, 537 P.2d 40, 42 (1975).

Here, a colorable claim of prejudice was asserted. We find no basis in the record for the trial court's conclusion that counsel's contract could be modified, nor any indication that defendant was given a chance to rebut it. Moreover, the refusal to take evidence concerning this and other allegations of harm effectively frustrates our review.

Unlike most disclosure rules, 15.1(g)(1) is not reciprocal. The decision to pursue the death penalty is exclusively the prosecutor's. Furthermore, eliminating a sentencing alternative is not the same as precluding witnesses or other evidence from trial. Because the exclusion of proof can profoundly impact a case on its merits, we have held such action to be suitable only "where other less stringent sanctions are not applicable to effect the ends of justice." *State v. Fisher*, 141 Ariz. 227, 246, 686 P.2d 750, 769, *cert. denied*, 469 U.S. 1066, 105 S.Ct. 548, 83 L.Ed.2d 436 (1984). Similar concerns, however, are not present where the only potential "loss" to the criminal proceeding is a sentencing option.

Depending on the circumstances, a continuance may well be the appropriate remedy for a 15.1(g)(1) violation. It is indisputable, however, that preclusion of the death penalty is also an available sanction. *See* Rule 26.3(c)(1), Ariz.R.Crim.P. ("Upon a determination of guilt in a capital case, the trial court shall set a date for the aggravation/mitigation hearing *if the state, pursuant to Rule 15.1(g)(4), is not precluded from and is seeking the death penalty*.") (emphasis added). Prohibiting the prosecution from seeking a capital sentence is not without precedent, see, e.g., *State v. Dearbone*, 125 Wash.2d 173, 883 P.2d 303 (1994); *State v. Rackley*, 275 S.C. 402, 272 S.E.2d 33, 34 (1980), and may be appropriate where, for instance, the state's violation is particularly egregious or the defendant will clearly suffer harm. Trial judges should also bear in mind that postponements can complicate already-congested calendars and may actually reward wrongdoers by providing additional preparation time. *See Scott*, 24 Ariz.App. at 205, 537 P.2d at 42.

This is not a case in which the written notice was filed a few days late or the defendant had actual notice of the state's intent

within the prescribed time limit. *See Jackson*, 186 Ariz. at 24, 918 P.2d at 1042; *Lee*, 185 Ariz. at 555–56, 917 P.2d at 698–99. For months, the defendant, his attorney, and the Office of Court Appointed Counsel reasonably believed this to be a non-capital case. They relied on the state's silence. We think they should have been given an opportunity to investigate that silence and to show what detriment, if any, flowed from it.

■ The trial court may consider the government's conduct a factor in determining what remedies, if any, "it finds just under the circumstances." Rule 15.7, Ariz.R.Crim.P. We are unpersuaded, however, by defendant's argument that the state should be *automatically* precluded from seeking a capital sentence because it did not establish "good cause" for the violation. Rule 15.1(g)(3) requires a showing of good cause by the prosecution only in relation to subsection (g)(2) (notice of aggravating factors), not (g)(1). Moreover, when subsection (g)(4) was adopted, we specifically rejected "automatic preclusion" language in favor of the current reference to Rule 15.7 sanctions. *See* Petition to Amend Ariz.R.Crim.P. 15.1(g), 15.2(g), and 26.3(c), filed June 29, 1990 (R–90–0026).

We hold that the court abused its discretion in summarily denying defendant's request for a hearing. We accept jurisdiction, grant relief, and remand for a hearing consistent with this opinion.

FELDMAN, C.J., and MOELLER and MARTONE, JJ., concur.

ROBERT J. CORCORAN, J., did not participate in the determinatiom of this matter.