SUPREME COURT OF ARIZONA

| | | |
|---|---|---|
| JOSEPH R. GODOY, | ) | Arizona Supreme Court |
| | ) | No. CV-02-0390-PR |
| Petitioner, | ) | |
| | ) | Court of Appeals |
| v. | ) | Division Two |
| | ) | No. 2 CA-SA-02-0113 |
| THE HONORABLE HOWARD HANTMAN, | ) | |
| JUDGE OF THE SUPERIOR COURT OF | ) | Pima County Superior |
| THE STATE OF ARIZONA, in and for | ) | Court |
| the County of PIMA, | ) | No. CR-2002-2561 |
| | ) | |
| Respondent, | ) | **O P I N I O N** |
| | ) | |
| and | ) | |
| | ) | |
| STATE OF ARIZONA, | ) | |
| | ) | |
| Real Party in Interest. | ) | |
| | ) | |
| _____ | ) | |

Special Action from the Superior Court of Pima County
No. CR-2002-2561
The Honorable Howard Hantman, Judge
**RELIEF DENIED;REMANDED**

_____

Piccarreta & Davis, P.C.                                    Tucson
    by      Michael L. Piccarreta
    and     Jefferson L. Keenan
Attorneys for Joseph R. Godoy

Janet Napolitano, Former Arizona Attorney General          Phoenix
Terry Goddard, Arizona Attorney General
    by      William J. Ekstrom, Jr.,                        Kingman
            Mohave County Attorney
    and     Matthew J. Smith,                               Kingman
            Deputy Mohave County Attorney/ Special
            Assistant Attorney General
Attorneys for the State of Arizona

_____

McGregor, Vice Chief Justice

¶1 This case presents the question whether each party receives a new opportunity to file a notice of a peremptory change of judge when the state refiles a criminal matter previously dismissed without prejudice. We conclude that a new indictment begins a separate matter and that the right to a peremptory change of judge applies as if no prior action had been filed.

## I.

¶2 The State charged Defendant Godoy with ten counts of perjury in violation of Arizona Revised Statutes (A.R.S.) section 13-2702 (2001). In May 2001, a grand jury indicted Godoy on nine of the ten counts. In June 2001, Judge Howard Hantman received the assignment of Godoy's case. Neither the State nor Godoy requested a change of judge, as permitted by Rule 10.2 of the Arizona Rules of Criminal Procedure.[1]

¶3 Pursuant to Rule 12.9.a,[2] Godoy moved for a new finding of probable cause. Judge Hantman granted the motion and remanded for a new finding on December 11, 2001. When the State did not recommence grand jury proceedings within fifteen days, Judge

---

[1] All references to "Rule __" are to the Arizona Rules of Criminal Procedure.

[2] Subsection a states: "The grand jury proceeding may be challenged only by motion for a new finding of probable cause alleging that the defendant was denied a substantial procedural right, or that an insufficient number of qualified grand jurors concurred in the finding of the indictment." Ariz. R. Crim. P. 12.9.a.

2

Hantman dismissed the case without prejudice under Rule 12.28.c.[3]

¶4      Following the dismissal, the State again charged Godoy with eight counts of perjury, all stemming from the same conduct as that underlying the first indictment.  The grand jury issued an indictment on four of the eight counts, and Judge Hantman again received the case assignment.  Two days later, the State filed a notice of change of judge pursuant to Rule 10.2.  Over Godoy's objection, Judge Hantman transferred the matter to another judge.

¶5      Godoy filed a petition for special action with the court of appeals, which declined jurisdiction.  We granted Godoy's petition for review to resolve this recurring issue of statewide importance. ARCAP 23.c.  We exercise jurisdiction pursuant to Article VI, Section 5.3 of the Arizona Constitution.  This court reviews rulings involving the interpretation of a court rule *de novo*.  *See State ex rel. Napolitano v. Brown & Williamson Tobacco Corp.*, 196 Ariz. 382, 390 ¶ 37, 998 P.2d 1055, 1063 (2000).

---

[3]      Subsection c states:

If a motion under Rule 12.9a, Rules of Criminal Procedure, challenging State Grand Jury proceedings is granted, the Attorney General, or the Attorney General's designee, may proceed with the prosecution of the case pursuant to Rule 2, Rules of Criminal Procedure, or by resubmission to the same State Grand Jury, or submission to another grand jury.  Unless a complaint is filed or a grand jury consideration is commenced within fifteen days after entry of the order granting the motion under Rule 12.9a, Rules of Criminal Procedure, the case shall be dismissed without prejudice.

Ariz. R. Crim. P. 12.28.c.

3

¶**6**     Rule 10.2 entitles either party in a criminal case to a change of judge as a matter of right. Ariz. R. Crim. P. 10.2.a. A party in a non-capital case must file a notice within ten days of either the arraignment or the date on which the party receives actual notice of the judicial assignment. Ariz. R. Crim. P. 10.2.c.[4] A court cannot disregard a timely notice of a change of judge. *State v. Shahan*, 17 Ariz. App. 148, 149, 495 P.2d 1355, 1356 (1972) ("A litigant has a peremptory right of disqualification of a judge and if filed timely the court is in error to deny the transfer to another judge."). If the State timely filed its notice of change of judge, Judge Hantman acted appropriately in transferring the matter to another judge. However, if, as Godoy essentially argues, the subsequent indictment simply "continued" the earlier action against him, the State did not timely file its notice. Thus, the question whether the State filed a timely notice depends upon whether the subsequent indictment simply "continued" the earlier action or instituted a new action against Godoy. Our resolution of this issue depends upon the effect of the trial court's order dismissing the action without prejudice.

¶**7**     We have considered the effect of the issuance of a new indictment in other contexts. Arizona courts consistently hold

---

    [4]     The rule also measures the deadline from the "[f]iling of the mandate from an Appellate Court with the clerk of the Superior Court." Ariz. R. Crim. P. 10.2.c(2).

that time limits for purposes of the right to a speedy trial begin to run anew when a grand jury reindicts a defendant following the dismissal of an earlier action against the defendant. *E.g., State v. Rose*, 121 Ariz. 131, 137, 589 P.2d 5, 11 (1978); *State v. Johnson,* 113 Ariz. 506, 510, 557 P.2d 1063, 1067 (1976); *State v. Avriett*, 25 Ariz. App. 63, 64, 540 P.2d 1282, 1283 (1975). We see no reason to treat time limits for filing a notice of change of judge differently.

¶8        Moreover, Godoy's argument would require us to regard as "continuing" a case that the trial court has dismissed. Once Judge Hantman dismissed the initial proceeding against Godoy, however, nothing remained of that action and the indictment was void of effect. *See Bowman v. State*, 103 Ariz. 482, 483, 445 P.2d 841, 842 (1968) ("[W]hen a motion to quash an information is granted there is no case pending in the Superior Court until a new information is filed."); *see also State v. Freeman*, 78 Ariz. 281, 285, 279 P.2d 440, 442-43 (1955); *State v. Coursey*, 71 Ariz. 227, 233, 225 P.2d 713, 717 (1950); *Pray v. State*, 56 Ariz. 171, 175, 106 P.2d 500, 502 (1940). Arizona's Rules of Criminal Procedure provide no mechanism to reinstate a void indictment. The State could again initiate criminal proceedings against Godoy following the dismissal only by either obtaining a new indictment or filing a complaint. Ariz. R. Crim. P. 2.2. When the new case began, Rule 10.2 provided each party a peremptory right to change the judge within the time

5

permitted by the rule. *See New Mexico v. Ware*, 850 P.2d 1042, 1045 (N.M. Ct. App. 1993) (obtaining a new indictment begins the case anew, "with all procedural rights inuring to the parties").

¶9        In addition to arguing that the State filed an untimely notice, Godoy also argues that the State waived its right to peremptorily challenge Judge Hantman under Rule 10.4.a[5] because the State participated in a contested matter before him, that being the motion to remand the May 2001 indictment for a new finding of probable cause. Godoy cites *State v. Poland*, 144 Ariz. 388, 698 P.2d 183 (1985), to support his waiver argument. In *Poland*, after remand for a new trial, the defendant argued that the trial court should grant the State's motion to dismiss but that the court should dismiss it with prejudice. *Id*. at 395, 698 P.2d at 190. We held that, by doing so, Poland waived his right to peremptorily change the judge. *Id*. Poland's and Godoy's cases, however, differ critically. In *Poland*, the judge did not dismiss the action. *Id*. at 394, 698 P.2d at 189. In Godoy's case, however, Judge Hantman did dismiss the State's case predicated on the May 2001 indictment, thereby terminating that action. Participating in proceedings in a previous case does not waive a party's right to a change of judge

---

[5]        Rule 10.4.a provides: "A party loses the right under Rule 10.2 to a change of judge when the party participates before that judge in any contested matter in the case, an omnibus hearing, any pretrial hearing, a proceeding under Rule 17, or the commencement of trial." Ariz. R. Crim. P. 10.4.a.

in a new action.

**III.**

¶**10** For the foregoing reasons, we deny relief and affirm Judge Hantman's order transferring this matter to a different judge and remand for proceedings consistent with this opinion.

_____
Ruth V. McGregor, Vice Chief Justice

CONCURRING:

_____
Charles E. Jones, Chief Justice

_____
Rebecca White Berch, Justice

_____
Michael D. Ryan, Justice