IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

---

**JESSE MESA,**
*Petitioner,*

*v.*

**HON. WARREN J. GRANVILLE, JUDGE OF THE SUPERIOR COURT OF THE STATE OF ARIZONA, IN AND FOR THE COUNTY OF MARICOPA,**
*Respondent Judge,*

**STATE OF ARIZONA,**
*Real Party in Interest.*

---

No. CR-16-0053-PR
Filed December 21, 2016

---

Special Action from the Superior Court in Maricopa County
The Honorable Warren J. Granville, Judge
No. CR2015-001779
**AFFIRMED**

Order of the Court of Appeals, Division One
Filed Jan. 6, 2016

---

COUNSEL:

Eric W. Kessler (argued), Sandra Hamilton, Mesa, Attorneys for Jesse Mesa

William G. Montgomery, Maricopa County Attorney, Karen Kemper (argued), Deputy County Attorney, Phoenix, Attorneys for State of Arizona

Maricopa County Public Defender's Office, Amy Kalman (argued), Mikel Steinfeld, Deputy Public Defenders, Phoenix, and Amy P. Knight, Kuykendall & Associates, Tucson, Attorneys for Amici Curiae Maricopa County Public Defender's Office and Arizona Attorneys for Criminal Justice

Natman Schaye, Arizona Capital Representation Project, Tucson, Attorneys for Amicus Curiae Arizona Capital Representation Project

---

CHIEF JUSTICE BALES authored the opinion of the Court, in which VICE CHIEF JUSTICE PELANDER and JUSTICES BRUTINEL, TIMMER and BOLICK joined.

_____

CHIEF JUSTICE BALES, opinion of the Court:

**¶1**        Under Arizona Rule of Criminal Procedure 15.1(i)(1), the state, within sixty days of arraignment, "shall provide to the defendant notice of whether [it] intends to seek the death penalty." Here, the State did not file such a notice after Jesse Mesa was arraigned; instead, after discovering new evidence, it obtained a second indictment adding two charges, dismissed the first case, and filed a death notice in the second case. We hold that when the state complies with Rule 16.6 in dismissing a prosecution and obtains a new indictment, the time limits for filing a notice under Rule 15.1(i)(1) start anew, absent bad faith by the state or prejudice to the defendant. We further hold that the untimely filing of a death notice does not itself invalidate the notice but may result in sanctions, including an order striking the notice, under Rule 15.7.

**I.**

**¶2**        A grand jury indicted Mesa in May 2014 for first degree murder and other charges (the "2014 charges") related to the shooting of a clerk in a Phoenix smoke shop. Mesa was arraigned the same month. The State did not file a notice of intent to seek the death penalty, and trial was set for June 2015.

**¶3**        Lorenzo Garcia was also indicted in May 2014 for charges related to the same crime. In October 2014, Garcia engaged in a "free talk" and told prosecutors that he and Mesa had discussed robbing the smoke shop at gunpoint. Garcia said that a girl named Erica "Vibe" Vasquez had waited outside as a "lookout." Garcia also stated that Mesa had shot the clerk in the face and that Mesa later laughed while telling others the clerk had talked about his children before he was killed.

**¶4**        After the free talk, the State investigated the reliability of Garcia's information, including conducting a polygraph test on Garcia in December 2014. Garcia eventually entered into a plea agreement. In a March 2015 interview, Vasquez told investigators that Mesa had said he had shot the clerk in the head. She also said that Mesa bragged about the

shooting and recounted the clerk mentioning his children while begging Mesa not to shoot him.

**¶5**        Based on the information obtained from Garcia and Vasquez, the State obtained a new indictment of Mesa in April 2015. The new indictment alleged the same charges as the first indictment but added charges of first degree burglary and conspiracy to commit first degree murder (the "2015 charges"). Mesa was arraigned in May 2015. After the arraignment, the State dismissed the 2014 charges without prejudice.

**¶6**        The parties stipulated to extend the time for the State to file a death notice for the 2015 charges, but Mesa reserved an objection to the State's failure to file a notice for the 2014 charges. In September 2015, the State filed a notice of intent within the stipulated deadline, and the trial court set the trial for August 2017.

**¶7**        Mesa moved to strike the State's notice of intent, arguing that it was invalid because the State had not timely filed a notice after he was arraigned for the 2014 charges. Denying the motion, the trial court ruled that the new indictment restarted the time limit under Rule 15.1(i)(1). Mesa sought special action relief in the court of appeals, which declined jurisdiction. We granted review to address recurring legal issues of statewide importance.

**II.**

**¶8**        Rule 15.1 addresses disclosure by the state in criminal cases, and subsection (i) mandates "Additional Disclosure in a Capital Case." Rule 15.1(i)(1) provides:

> The prosecutor, no later than 60 days after the arraignment in superior court, shall provide to the defendant notice of whether the prosecutor intends to seek the death penalty. This period may be extended up to 60 days upon written stipulation of counsel filed with the court. Once the stipulation is approved by the court, the case shall be considered a capital case for all administrative purposes including, but not limited to, scheduling, appointment of counsel under Rule 6.8, and assignment of a mitigation specialist. Additional extensions may be granted upon stipulation of the parties and approval of the court. The

prosecutor shall confer with the victim prior to agreeing to an extension of the 60 day deadline or any additional extensions, if the victim has requested notice pursuant to A.R.S. Section 13-4405.

**¶9** This case also involves Rule 16.6, which governs dismissals of a prosecution. A court may dismiss a case upon the prosecutor's motion as long as it is not filed to avoid the provisions of Rule 8, which concern a defendant's right to a speedy trial. Ariz. R. Crim. P. 16.6(a). Such a dismissal is "without prejudice to commencement of another prosecution" unless the court finds that the "interests of justice" require otherwise. Ariz. R. Crim. P. 16.6(d). Here, consistent with Rule 16.6, the trial court dismissed the 2014 charges without prejudice.

**¶10** Mesa argues that Rule 15.1(i)(1) imposes a "jurisdictional" deadline for the filing of the state's notice of intent to seek the death penalty. Once a defendant is arraigned on charges of first degree murder and the deadline passes, Mesa contends, the state is barred from seeking a death sentence for that murder, even if, as occurred here, the state commences a new prosecution. These arguments, however, run counter to both the language of Rule 15.1(i)(1) and our general approach to determining time deadlines when a new prosecution follows a dismissal without prejudice.

**¶11** When a case is dismissed without prejudice, the state's filing of a new indictment generally begins a separate matter. *See Godoy v. Hantman*, 205 Ariz. 104, 105 ¶ 1, 106 ¶ 8, 67 P.3d 700, 701–02 (2003); *State v. Rose*, 121 Ariz. 131, 137, 589 P.2d 5, 11 (1978). Time limits under the rules begin anew for the separate matter "absent a showing of bad faith on the part of the prosecution or prejudice to the accused." *Rose*, 121 Ariz. at 137, 589 P.2d at 11 (restarting speedy trial time limits); *see also Godoy*, 205 Ariz. at 106 ¶ 7, 67 P.3d at 702 (restarting change-of-judge time limits). Relying on *Godoy*, the trial court here concluded that the deadline for filing a death notice restarted when Mesa was arraigned on the 2015 charges.

**¶12** If the general rule reflected by *Godoy* and *Rose* applies, the State timely filed its notice in September 2015. Mesa argues that the State acted in bad faith because it sought a new indictment and dismissed the 2014 charges in order to circumvent the Rule 15.1(i)(1) deadline. The record, however, reflects that the State sought a new indictment and filed its notice in 2015 after learning additional information that significantly

changed Mesa's alleged role in the murder. These actions do not reflect bad faith. *Cf. Rose*, 121 Ariz. at 137, 589 P.2d at 11 (noting record did not reveal bad faith in holding that speedy trial time limits began anew upon refiling after dismissal).

¶13 Mesa also argues that he was prejudiced by restarting the deadline. Citing *Holmberg v. De Leon*, 189 Ariz. 109, 938 P.2d 1110 (1997), Mesa argues that the passage of time between his arraignment for the 2014 charges and the State's filing a death notice based on the 2015 indictment in itself constituted prejudice, because for most of that time he did not have a capital defense team in place. We do not read *Holmberg* to hold that the passage of time alone establishes prejudice. Instead, in finding actual prejudice to the defendant and the administration of justice, *Holmberg* noted that the state failed to file notice until a few weeks before the scheduled trial date, some fifteen months after the defendant had been arraigned and after the parties had engaged in extensive discovery with no mention of the death penalty. *Id.* at 112, 938 P.2d at 1113. Rather than hold that the passage of time alone established prejudice, this Court noted that the defendant had been handicapped in preparing his defense and the state had recognized at the time of indictment that the case involved a potential capital offense. *Id.*

¶14 We reject Mesa's argument that the passage of time between his initial arraignment and the State's filing its notice establishes "prejudice" that would preclude restarting the Rule 15.1(i)(1) time periods. Although he is correct that a capital defense team was not assembled until after the 2015 indictment, he has not specifically identified how he was prejudiced by the delay in terms of preparing his defense. And unlike the defendant in *Holmberg*, Mesa received the State's notice almost two years before the 2017 trial date. Finally, although resetting the deadline may expose Mesa to a death sentence, that result is not the sort of prejudice that would preclude treating a successive prosecution as a separate matter with its own time deadlines. *See, e.g.*, *Rose*, 121 Ariz. at 137, 589 P.2d at 11 (finding no prejudice while recognizing charges could effectively be barred if speedy trial deadlines did not begin anew upon refiling).

¶15 Mesa also argues that the rule reflected by *Godoy* and *Rose* should not apply because Rule 15.1(i)(1) speaks in mandatory terms: "no later than 60 days after the arraignment in superior court, [the state] shall provide to the defendant notice of whether [it] intends to seek the death penalty." A notice filed outside this deadline (or an extended deadline as

ordered by the court), Mesa maintains, is invalid if it relates to the murder for which the defendant was previously arraigned.

¶16 We reject the argument that a late filing in itself invalidates a Rule 15.1(i)(1) notice. The rule does not expressly address the consequences of a late filing. Rule 15.7, however, generally authorizes sanctions for a party's failure to make "a disclosure required by Rule 15." Ariz. R. Crim. P. 15.7(a). Because the notice required under Rule 15.1(i)(1) is among the disclosures required by Rule 15.1, an untimely notice could result in sanctions under Rule 15.7(a). Under the latter rule, the trial court shall impose appropriate sanctions, "unless the court finds that the failure to comply was harmless or that the information could not have been disclosed earlier even with due diligence and the information was disclosed immediately upon its discovery." *Id.* Read together, Rules 15.1(i)(1) and 15.7 do not invalidate an untimely notice of intent to seek the death penalty, but instead may support sanctions, including an order striking the notice. *See* Ariz. R. Crim. P. 15.7(a)(6) (authorizing "[a]ny other appropriate sanction").

¶17 Our conclusion comports with prior decisions, although we recognize that Rule 15.1(i)(1) has been amended since those cases were decided. *See State v. Lee*, 185 Ariz. 549, 555–56, 917 P.2d 692, 698–99 (1996) (noting trial court's discretion under Rule 15.7 in holding trial court did not err in allowing state to file a notice of intent after the deadline). In *State v. Jackson*, 186 Ariz. 20, 24, 918 P.2d 1038, 1042 (1996), we held that the trial court did not err by allowing the state to file its death notice one day after the deadline when the defendant knew of the state's intent a week earlier and had time to prepare for trial. *Jackson* expressly rejected the argument that Rule 15.1 "acts as a statute of limitations, and therefore the state's failure to strictly comply with the rule divested the trial court of jurisdiction over the capital case." *Id.; see also Barrs v. Wilkinson*, 186 Ariz. 514, 516, 924 P.2d 1033, 1035 (1996) (following *Jackson* and noting death penalty may be precluded when "the state's violation is particularly egregious or the defendant will clearly suffer harm"). But when a notice was filed more than a year after the deadline, thereby prejudicing the defendant and the administration of justice, we held that the trial court had to strike the notice. *Holmberg*, 189 Ariz. at 112–13, 938 P.2d at 1113–14. In so ruling, *Holmberg* distinguished situations in which the state "discover[s] aggravating circumstances during trial preparation." *Id.*

6

**¶18** Mesa argues that rule amendments in 2003 implicitly rejected cases such as *Lee*, *Jackson*, and *Holmberg*. Before those amendments, the rule regarding disclosure in capital cases specifically authorized Rule 15.7 sanctions if the prosecution failed to make required disclosures. Ariz. R. Crim. P. 15.1(g)(5) (2003). The 2003 amendments eliminated this reference, but this change does not reflect any intent to alter prior case law and to make the timely filing of a notice of intent a jurisdictional requirement. Instead, the 2003 amendments deleted references to Rule 15.7 in particular rules - such as then-existing Rule 15.1(g)(5) and Rule 15.2(g)(3) (governing a defendant's disclosure) - and added the current, general language in Rule 15.7, which applies to all subsections of Rule 15 and states that "[i]f a party fails to make a disclosure required by Rule 15 any other party may move to compel disclosure and for appropriate sanctions." *See* Order Amending Rules 8.4, 8.5, and 15, Rules of Criminal Procedure, and the Comment to Rule 5.3, Rules of Criminal Procedure, R-00-0003 (Oct. 16, 2003).

**¶19** Mesa also notes that Rule 15.1(i)(1) was amended in 2009 to change the requirements for extending the deadline for filing a notice of intent. *See* Order Amending Rule 15.1(i)(1), Rules of Criminal Procedure, and Adding a Comment Thereto, R-07-0019 (Sept. 16, 2008). Under former Rule 15.1(i)(1), the prosecutor could extend the notice period for thirty days upon stipulation of counsel. Ariz. R. Crim. P. 15.1(i)(1) (2008). "Additional extensions" were granted upon motion of the state and approval of the court. *Id.* Under current Rule 15.1(i)(1), the prosecutor can extend the notice period for sixty days upon written stipulation filed with the court. Ariz. R. Crim. P. 15.1(i)(1) (2016). Additional extensions are now "granted upon stipulation of the parties and approval of the court." *Id.* Mesa reasons that because the current rule provides that extensions of the deadline will be granted "upon stipulation of the parties," any filing beyond the deadline is invalid without the defendant's consent.

**¶20** The Court amended Rule 15.1(i)(1) based on the recommendations of the Capital Case Task Force ("Task Force"). Petition to Amend Rule 15.1, Arizona Rules of Criminal Procedure, R-07-0019 (Nov. 21, 2007). The Task Force recommended the change so that a stipulated sixty-day extension of the deadline would result in the case being considered a capital case for administrative purposes before the state actually filed a notice. *Id.* at 2. This would allow the immediate assignment of resources to the case, permitting defense attorneys and investigators to begin identifying mitigation evidence and to urge the state not to seek the

death penalty, which would conserve judicial and capital defender resources and resolve capital cases efficiently and effectively. *Id.* Thus, the amendment sought to forestall the possibly unnecessary filing of a notice by the state. Nowhere in the rule petition was there any suggestion that the amendment was meant to fundamentally change prior practice and to make a timely filing of the notice a jurisdictional prerequisite for seeking the death penalty. Interpreting the amendment this way would not further its stated purpose of reducing rather than increasing the number of cases in which notices are filed.

**¶21** Finally, Mesa asserts that the State's filing a notice of intent to seek the death penalty with respect to his 2015 charges violates his rights to due process under the Federal or Arizona Constitutions. Insofar as Mesa is arguing that the delay between his arraignment on the 2014 charges and the notice with respect to the 2015 charges was in itself prejudicial, we reject this contention. Rule 15.1(i)(1), for reasons we have noted, did not shield Mesa from being subjected to the death penalty for the smoke shop murder merely because the state did not provide a timely notice with respect to the 2014 charges. We accordingly reject Mesa's constitutional arguments for striking the State's notice. *Cf. Lee*, 185 Ariz. at 556, 917 P.2d at 699 (rejecting argument that untimely notice violated due process).

**¶22** In sum, we hold that the time limits for filing a notice under Rule 15.1(i)(1) restart when the state complies with Rule 16.6 in dismissing a prosecution and obtaining a new indictment, absent bad faith by the state or prejudice to the defendant. We further hold that the untimely filing of a death notice does not itself invalidate the notice but may result in sanctions, including an order striking the notice under Rule 15.7.

## III.

**¶23** We affirm the trial court's denial of the motion to strike the State's notice of intent to seek the death penalty, and we remand to the trial court for further proceedings consistent with this opinion.