IN THE
# ARIZONA COURT OF APPEALS
DIVISION TWO

_____

LANCE ROSS,
*Petitioner*,

*v.*

DEBORAH PRATTE, JUDGE PRO TEMPORE OF THE SUPERIOR COURT
OF THE STATE OF ARIZONA, IN AND FOR THE COUNTY OF PIMA,
*Respondent*,

*and*

MEGHAN SOSA,
*Real Party in Interest.*

No. 2 CA-SA 2022-0039
Filed September 21, 2022

_____

Special Action Proceeding
Pima County Cause No. D20220446

**JURISDICTION ACCEPTED; RELIEF GRANTED**

_____

COUNSEL

R.J. Peters & Assoc. P.C., Phoenix
By Lowen C. Jones
*Counsel for Petitioner*


The Reyna Law Firm P.C., Tucson
By Ron Reyna
*Counsel for Real Party in Interest*

---

**OPINION**

---

Judge Brearcliffe authored the opinion of the Court, in which Vice Chief Judge Staring and Chief Judge Vásquez concurred.

---

B R E A R C L I F F E, Judge:

**¶1** Petitioner Lance Ross seeks special action review of the respondent judge's order denying his motion for change of judge under Rule 6, Ariz. R. Fam. Law P. We accept special-action jurisdiction and grant relief.

**¶2** This petition arises from a dissolution action between Ross and Meghan Sosa. On February 11, Sosa sought and received an ex parte order of protection against Ross in Marana Municipal Court. On February 18, Sosa filed a petition for dissolution of her marriage to Ross in this case, D20220446, in Pima County Superior Court, and the case was assigned to the respondent judge. On February 24, Ross filed a request for a contested hearing in Marana Municipal Court on the order of protection. Thereafter, due to the intervening filing of the dissolution action, the municipal court transferred the protective-order proceeding to the superior court pursuant to Rule 34, Ariz. R. Protective Order P. Once transferred, that case—now designated DV20220329—was also assigned to the respondent judge, who ultimately affirmed the protective order following the contested hearing on June 10.

**¶3** On June 16, pursuant to Rule 6, Ariz. R. Fam. Law P., Ross filed a notice of change of judge of-right—or a peremptory change of judge—in the dissolution action. Sosa objected to the notice, asserting the respondent judge's ruling on the order of protection in DV20220329 was a ruling on a contested issue and, thus, Ross had waived his right to a change of judge under Rule 6(e)(2). The respondent judge denied the notice and retained the case assignment. This petition for special action followed. Our exercise of special-action jurisdiction is appropriate because the denial of a peremptory change of judge can be challenged only by special action. *See Taliaferro v. Taliaferro*, 186 Ariz. 221, 224 (1996).

**¶4** Ross asserts on review that the respondent judge erred by denying his peremptory change of judge because he had "complied with all

requirements of Rule 6 and did not waive his right to a change of judge" in the dissolution case by virtue of the respondent judge's ruling in the protective order proceeding. Sosa claims, as she did below, that the respondent judge's ruling in the protective-order proceeding resulted in Ross's waiver of his right to a peremptory change of judge. We review the denial of a peremptory change of judge for an abuse of discretion, but review de novo the respondent judge's interpretation and application of the law. *See Anderson v. Contes*, 212 Ariz. 122, ¶ 5 (App. 2006).

¶5            Under the Rules of Family Law Procedure, a party is entitled to a change of judge "[i]n each action, whether single or consolidated," without the need to show cause for the change. Ariz. R. Fam. Law P. 6(b); *see Del Castillo v. Wells*, 22 Ariz. App. 41, 44 (1974) (civil rule creating right to peremptory change of judge eliminated need for affidavit asserting judicial bias or prejudice). A notice seeking such a change must be timely and not waived by action or inaction. Ariz. R. Fam. Law P. 6(d), (e). As to waiver, which is relevant here, "[a] party waives the right to change a judge assigned to preside over any proceeding in the action" if, among other circumstances, "the judge rules on any contested issue, or grants or denies a motion to dispose of any claim or defense," if "a resolution management, scheduling, pretrial, or similar conference begins," or if "a scheduled contested hearing or trial begins." Ariz. R. Fam. Law P. 6(e)(2)-(4). Here, the question is whether the respondent judge's ruling affirming the protective order in DV20220329 constitutes a ruling on a contested issue under Rule 6(e)(2) such as to have caused waiver of Ross's right to a change of judge in this case.

¶6            When, as here, a party obtains an order of protection in a limited-jurisdiction court while there is a pending dissolution proceeding in superior court, the proceeding is transferred "to the superior court" because that court has "exclusive jurisdiction" over the protective-order proceeding. Ariz. R. Protective Order P. 34(a), (c). The protective-order proceeding must then "be docketed in the pending superior court action and shall proceed as though the petition . . . had been originally brought in the superior court." A.R.S. § 13-3602(T). However, the dissolution action and protective-order proceedings are not thereby consolidated and, in fact, by court rule, cannot be consolidated. Ariz. R. Fam. Law P. 5(a)(4).[1]

_____

[1]Although we question whether a court rule barring consolidation of the protective order proceedings with the family law case is in conflict with the statutory command that a protective order proceeding is to be "docketed *in* the pending superior court action," neither party has raised,

Although not consolidated, the superior court judge "may conduct a joint hearing" as to both matters. *Id.*

¶7　　　　There is no dispute that Ross timely filed the motion here in the dissolution proceeding and that the respondent judge had made no rulings in that matter. Because the protective-order proceeding and the dissolution proceeding are, by rule, separate actions after transfer to the superior court, a party is also by rule and statute entitled to a peremptory change of judge in each action. Consequently, the respondent judge erred by construing a ruling in one action as effecting a waiver in another.

¶8　　　　But Sosa nonetheless asserts that Rule 6(e) waiver is not limited to a ruling in the dissolution action. Because Ross's alleged domestic violence "is an important issue in the family court case," she asserts, the protective-order ruling qualifies as a "contested issue" in the dissolution action under Rule 6(e). We disagree.

¶9　　　　"The purpose of the waiver rule is to prevent parties from testing the waters" by receiving rulings on one or more issues "and then filing a notice." *Taliaferro*, 186 Ariz. at 222. The waiver provisions "are intended to prohibit a party from peremptorily challenging a judge after discovering the judge's viewpoint on any significant aspect of the case." *Williams v. Superior Court*, 190 Ariz. 80, 82 (App. 1997). We agree with Sosa that whether an order of protection was appropriate could be a significant issue in the dissolution; indeed, it could significantly aid her in obtaining the relief she seeks. *See* A.R.S. § 25-403.03(D)(3) (necessity of protective order can negate rebuttable presumption that each parent will act in the child's best interest). And we have little doubt that Ross, once he received the ruling in the protective-order proceeding, concluded that he would fare better in the dissolution action with a different judge.

¶10　　　　Nonetheless, we are constrained by the rule's plain language, which we must follow absent some ambiguity. *See State v. Godoy*, 244 Ariz. 327, ¶ 7 (App. 2017). Nothing in the rule suggests a court should look beyond the discrete action in which the preemptive notice is filed when evaluating whether the right to change of judge has been waived. Under Sosa's proposed approach, if the judge had, in an earlier case, resolved an issue of any relevance to an issue in a later-filed case—no matter how much

---

let alone briefed, this issue. Therefore, we do not address it. *See Crystal E. v. Dep't of Child Safety*, 241 Ariz. 576, ¶ 6 (App. 2017).

later that case was filed—such a resolution would constitute a waiver of the peremptory right.

¶11 Indeed, our supreme court has repeatedly emphasized that the right to a change of judge is limited to the action in question and there is no need to evaluate whether the issues in that action are related to issues addressed in other proceedings. For example, in *Godoy v. Hantman*, 205 Ariz. 104, ¶¶ 2-3 (2003), the trial judge dismissed the state's prosecution after the state failed to "recommence grand jury proceedings" after the judge had remanded for a new finding of probable cause. After the state brought a new indictment based on the same or related underlying facts, the state filed a notice of change of judge of right after the case was assigned to the same trial judge. *Id.*, ¶ 4. Our supreme court concluded the state had not waived its right despite the remand litigation, noting that "[p]articipating in proceedings in a previous case does not waive a party's right to a change of judge in a new action." *Id.*, ¶ 9.

¶12 We cannot agree, therefore, with Sosa's broad reading of the waiver provision of Rule 6. Consequently, based on the plain language of the statute and rules, Ross did not waive his right to a peremptory change of judge in this case under Rule 6(e). We therefore accept special-action jurisdiction and grant relief, and direct the respondent judge and parties to follow the reassignment procedure described in Rule 6(g).